IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZT IP, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>VMWARE, INC.,<br><br>              Defendant. | Civil Action No. 3:22-cv-00970-X<br><br>**JURY TRIAL DEMANDED** |

**VMWARE, INC.'S MOTION TO DISMISS
WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 1

    A. ESX 1.5 was released on May 13, 2002. ............................................................1

    B. The '583 patent was filed on May 20, 2003—more than a year after ESX 1.5's release date. ..........................................................................................2

    C. ZT's Complaint cites extensively to the 2002 ESX 1.5 User Manual. .....................2

    D. VMware repeatedly tells ZT that its patent is invalid and that damages are unavailable. ......................................................................................................4

III. LEGAL STANDARD...................................................................................................... 5

IV. ARGUMENT ................................................................................................................... 6

    A. ZT's own pleadings show that the asserted claims are invalid as anticipated by VMware's own product..................................................................6

        1. The 2002 ESX 1.5 User Manual is prior art. ...............................................7

        2. Per ZT's pleadings, ESX 1.5 meets all elements of the asserted claims. ..........................................................................................................8

    B. Dismissal under Rule 12(b)(6) is appropriate.........................................................9

V. CONCLUSION.............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................5

*Big Baboon, Inc. v. SAP Am., Inc.*,
  No. 17-cv-2082, 2019 U.S. Dist. LEXIS 69769 (N.D. Cal. Apr. 24, 2019) ........................9, 10

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (U.S. Fed. Cir. 2021) ......................................................................................5

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ..............................................................................................6

*Erickson v. Neb. Mach. Co.*,
  No. 15-cv-1147, 2015 U.S. Dist. LEXIS 87417 (N.D. Cal. July 6, 2015) ...............................8

*Ericsson, Inc. v. D-Link Sys.*,
  773 F.3d 1201 (Fed. Cir. 2014) ..........................................................................................9

*Evans Cooling Sys. v. General Motors Corp.*,
  125 F.3d 1448 (Fed. Cir. 1997) ........................................................................................6, 9

*Gammino v. Sw. Bell Tel., L.P.*,
  512 F. Supp. 2d 626 (N.D. Tex. 2007) .......................................................................8, 9, 10

*Google Inc. v. Beneficial Innovations, Inc.*,
  No. 11-cv-229, 2014 U.S. Dist. LEXIS 116824 (E.D. Tex. Aug. 22, 2014) ...........................8

*Kansa Reinsurance Co. v. Cong. Mortg. Corp.*,
  20 F.3d 1362 (5th Cir. 1994) ..............................................................................................5

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 14-cv-744, 2016 U.S. Dist. LEXIS 25420 (E.D. Tex. Mar. 1, 2016) ...............................8

*Peters v. Active Mfg. Co.*,
  129 U.S. 530 (1889) ............................................................................................................6

*Pohl v. MH Sub I, LLC*,
  332 F.R.D. 713 (N.D. Fla. 2019) ........................................................................................8

*Schering Corp. v. Geneva Pharm., Inc.*,
  339 F.3d 1373 (Fed. Cir. 2003) ..........................................................................................6

*Sivertson v. Clinton*,
   2011 U.S. Dist. LEXIS 104097 (N.D. Tex. Sept. 14, 2011)......................................................5

*Teel v. Deloitte & Touche LLP*,
   No. 15-cv-2593, 2015 U.S. Dist. LEXIS 172645 (N.D. Tex. Dec. 29, 2015) ..........................5

*UCB, Inc. v. Watson Lab'ys Inc.*,
   927 F.3d 1272 (Fed. Cir. 2019).................................................................................................7

*Upsher-Smith Lab'y., Inc. v. Pamlab, LLC*,
   412 F.3d 1319 (Fed. Cir. 2005)............................................................................................1, 6

*Valve Corp. v. Ironburg Inventions Ltd.*,
   8 F.4th 1364 (Fed. Cir. 2021) ...................................................................................................8

*Vanmoor v. Wal-Mart Stores, Inc.*,
   201 F.3d 1363 (Fed. Cir. 2000).............................................................................................6, 9

*Weatherchem Corp. v. J.L. Clark, Inc.*,
   163 F.3d 1326 (Fed. Cir. 1998)............................................................................................5, 6

*Weinhoffer v. Davie Shoring, Inc.*,
   23 F.4th 579 (5th Cir. 2022) .....................................................................................................8

*Wolcott, M.D., P.A. v. Sebelius*,
   635 F.3d 757 (5th Cir. 2011) ....................................................................................................6

*WPEM, Inc. v. SOTI Inc.*,
   No. 18-cv-156, 2020 U.S. Dist. LEXIS 17449 (E.D. Tex., Feb. 4, 2020).......................4, 9, 10

*WPEM, LLC v. SOTI Inc.*,
   837 F. App'x 773 (Fed. Cir. 2020) .........................................................................................10

**Statutes**

35 U.S.C. § 102..........................................................................................................................7, 9

35 U.S.C. § 286...............................................................................................................................4

**Other Authorities**

Fed. R. Civ. Proc. 11......................................................................................................................5

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................5, 9

I.  **INTRODUCTION**

ZT IP, LLC ("ZT") accuses a VMware, Inc. ("VMware") product released in **2002** of infringing a patent filed in **2003**. ZT's pleadings make this position crystal clear: its Complaint and accompanying papers map claim 1 of U.S. Patent No. 7,647,583 (the "'583 patent") against a public user manual for ESX Server version 1.5 ("ESX 1.5") bearing a 2002 copyright date.

Infringement in this scenario is an impossibility. Under black letter patent law, a product that predates a patent cannot infringe it. *See Upsher-Smith Lab'y., Inc. v. Pamlab, LLC*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) ("A century-old axiom of patent law holds that a product [that] would literally infringe if later in time anticipates [*i.e.,* invalidates] if earlier."). As ZT's Complaint fails to state a claim, VMware asks that the Court dismiss it with prejudice.

II.  **STATEMENT OF FACTS**

A.  **ESX 1.5 was released on May 13, 2002.**

VMware commercially released ESX 1.5 on May 13, 2002. (Decl. of Richard Hung ("Hung Decl."), Ex. 1 at 1-2.) Upon its release, VMware made available a user manual describing its features and functionality. (Hung Decl., Ex. 2 ("2002 ESX 1.5 User Manual").) That manual bears a 2002 copyright date. (*Id.* at 2.) It also confirms ESX 1.5's public availability in 2002. (*See id.* at 13 ("Thank you for choosing VMware™ ESX Server™, the virtual machine software for consolidating and partitioning servers in high-performance environments.").)

[Image of VMware manual excerpt showing: "VMware, Inc. / 3145 Porter Drive / Palo Alto, CA 94304 / www.vmware.com" and note: "Please note that you will always find the most up-to-date technical documentation on our Web site at http://www.vmware.com/support/. The VMware Web site also provides the latest product updates. © 2002 VMware, Inc. All rights reserved. VMware, the VMware boxes logo, MultipleWorlds, GSX Server and ESX Server are trademarks of VMware, Inc. Microsoft, Windows, and Windows NT are registered trademarks of Microsoft Corporation. IBM, xSeries, ServerProven and the e-business logo are trademarks of the International Business Machines Corporation. Linux is a registered trademark of Linus Torvalds. All other marks and names mentioned herein may be trademarks of their respective companies. Rev: 20021205 Item: ESX-Q202-004" — with "© 2002 VMware, Inc. All rights reserved" circled in red.]

At the time of its launch, ESX 1.5 included certain "Service Console" functionality.[1] That functionality was removed from ESX in 2010. (*Id.,* Ex. 1 at 2, Ex. 3 at 2-3.) VMware discontinued the ESX platform in 2012, when it introduced its "ESXi" platform. (*Id.*)

    **B.    The '583 patent was filed on May 20, 2003—more than a year after ESX 1.5's release date.**

The application for the asserted patent was filed on May 20, 2003:

[Image of US Patent 7,647,583 B2 cover, Zeidman et al., "Method and Apparatus for Emulating a Hardware/Software System Using a Computer", Date of Patent: Jan. 12, 2010, Appl. No.: 10/249,938, Filed: May 20, 2003 (circled in red).]

(Dkt. No. 1-2 at Cover.) That filing date is more than a year after ESX 1.5's release.

    **C.    ZT's Complaint cites extensively to the 2002 ESX 1.5 User Manual.**

On May 2, 2022, ZT sued VMware for allegedly infringing the '583 patent. (Dkt. No. 1.) The Complaint attaches Exhibit A for "[s]upport for [ZT's] allegations of infringement." (Dkt. No. 1 at ¶ 10.) Exhibit A, in turn, is a chart that purports to explain how VMware's ESX 1.5 product infringes claim 1 of the '583 patent. (Dkt. No. 1-1.) The chart cites extensively—and solely—to the 2002 ESX 1.5 User Manual to show VMware's alleged infringement:

---

[1] ZT has accused this functionality of infringing the '583 patent, as discussed below.

2



(*Id.* at 1.)  The chart specifically accuses ESX 1.5's "Service Console" of infringement, referring to it seventeen times:



3

(*Id.* at 9.)  Neither the Complaint nor Exhibit A refers to any product besides ESX 1.5 or to any documentation besides the 2002 ESX 1.5 User Manual.

> **D.     VMware repeatedly tells ZT that its patent is invalid and that damages are unavailable.**

After ZT filed suit, VMware contacted ZT repeatedly (through in-house and outside counsel) to identify obvious deficiencies in the Complaint.  Via videoconference and e-mail correspondence, VMware's in-house counsel walked ZT's counsel through publicly available VMware documentation confirming that ESX 1.5 predated the '583 patent's filing date.  (Hung Decl., Ex. 3 at 1.)  VMware's in-house counsel also walked ZT's counsel through publicly available documentation confirming that VMware removed the accused Service Console functionality in 2010, rendering damages unavailable under 35 U.S.C.S. § 286.[2]  (*Id.*)

In light of the preceding, VMware asked ZT to dismiss its Complaint before both parties incurred unnecessary legal fees and the Court wasted time on a fruitless endeavor.  (*Id.* at 1-6.)  ZT responded by requesting a follow-up meeting—which it then skipped.  (*Id.* at 3-4.)  After ZT missed the meeting, VMware reminded it of (and even re-forwarded) the evidence confirming the '583 patent's invalidity and the unavailability of damages.  (*Id.* at 1-3.)  VMware again asked ZT to dismiss its Complaint.  (*Id.* at 3.)  But ZT ignored VMware's response.

Lacking other recourse, VMware retained outside counsel, who again explained the issues above to ZT.  VMware expressly warned ZT that its conduct might subject it to sanctions.  (*Id.*, Ex. 1 at 2-3.)  VMware reminded ZT that its counsel's ***identical conduct*** had led to a $179,622 fee award in a prior case.  (*Id.* (citing *WPEM, Inc. v. SOTI Inc.*, No. 18-cv-156, 2020

---

[2] Section 286 limits the recovery of damages to six years before the filing of a complaint.  Because ZT's infringement accusation against a prior art product alone justifies dismissal, VMware moves to dismiss only on that basis.  ZT's inability to recover damages, however, also independently supports dismissal—and underscores the frivolous nature of ZT's Complaint.

4

U.S. Dist. LEXIS 17449, at *21 (E.D. Tex., Feb. 4, 2020).) ZT still ignored VMware's correspondence.

VMware subsequently served a motion for Rule 11 sanctions on ZT's counsel on June 21, 2021.[3] ZT did not dismiss its Complaint, and this motion followed.

## III.   LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (U.S. Fed. Cir. 2021).

Invalidity is a complete defense to patent infringement; one cannot allege infringement of an invalid claim. *See Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1335 (Fed. Cir. 1998) ("[A] holding that claims are invalid eliminates, as a practical matter, the need to consider on appeal whether those claims are infringed."). A plaintiff's claims may be challenged in a Rule 12 motion on the basis of invalidity, and "dismissal under Rule 12(b)(6) may be appropriate" "when a successful affirmative defense appears on the face of the pleadings[.]" *Kansa Reinsurance Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Teel v. Deloitte & Touche LLP*, No. 15-cv-2593, 2015 U.S. Dist. LEXIS 172645, at *7 (N.D. Tex. Dec. 29, 2015) (same).

A plaintiff may "plead[] herself out of court by admitting to all of the elements of the defense." *Sivertson v. Clinton*, 2011 U.S. Dist. LEXIS 104097, at *6 (N.D. Tex. Sept. 14, 2011).

---

[3] The Rule 11 safe harbor expires on July 12, 2022. Should ZT fail to dismiss its lawsuit before that date—despite VMware's service of its Rule 11 motion and its filing of this motion—VMware will file its Rule 11 motion and ask that the Court award it the fees and costs incurred to date.

5

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A court also may consider documents that a defendant attaches to a motion to dismiss if the complaint refers to them and they are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

A product that allegedly infringes, if later in time, anticipates (*i.e.,* renders the patent invalid), if earlier in time. *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."); *accord Upsher-Smith Lab'y*, 412 F.3d at 1322. Although a defendant bears the burden of proving invalidity, it may do so without an element-by-element analysis when the accused product is "prior art" (*i.e.,* predates the patent's filing date). *See Evans Cooling Sys. v. General Motors Corp.*, 125 F.3d 1448, 1450-52 (Fed. Cir. 1997) (explaining that "burden [of proving invalidity] is met by [plaintiff's] allegation, forming the sole basis for the complaint, that the [prior art product] infringes"). The Federal Circuit has affirmed a judgment of invalidity where the accused product was available or sold before the patent's filing date. *See, e.g., id.; Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) (affirming summary judgment of invalidity).

## IV.     ARGUMENT

### A.     ZT's own pleadings show that the asserted claims are invalid as anticipated by VMware's own product

As invalidity is a complete defense to infringement, if ZT's patent is invalid, its infringement claims must fail. *See Weatherchem*, 163 F.3d at 1335. To anticipate a patent's claims, a reference must (1) be "prior art" and (2) contain "each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir.

6

2003). Under 35 U.S.C. § 102(a), a reference is prior art if it was "known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention." Under 35 U.S.C. § 102(b), a reference also is prior art if it was "patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."[4]

Here, ZT's pleadings show that the same product it accuses of infringement—VMware's ESX 1.5—invalidates the '583 patent. ZT's pleadings both (1) rely on materials showing ESX 1.5 was publicly used and described in a printed publication before the '583 patent's filing date and (2) purport to map all limitations of the asserted claims to ESX 1.5.

### 1. The 2002 ESX 1.5 User Manual is prior art.

The '583 patent was filed on May 20, 2003. (Dkt. No. 1-2 at Cover.) To qualify as prior art under Section 102, the 2002 ESX 1.5 User Manual must precede that filing date.

ZT's own pleadings confirm that it does. In its infringement chart (Exhibit A to the Complaint), ZT relies on the publicly available 2002 ESX 1.5 User Manual to prove infringement. (Dkt. No. 1-1.) ZT cites to the manual extensively in its chart, even including multiple excerpts. (*Id.*) The 2002 ESX 1.5 User Manual bears a copyright date of 2002, which precedes the '583 patent's filing date. (Hung Decl., Ex. 2 at 2.) The 2002 ESX 1.5 User Manual therefore is prior art at least under Section 102(a).[5]

---

[4] The Leahy-Smith America Invents Act ("AIA") changed the language of Sections 102(a)-(b). Because the '583 patent was filed before the AIA's effective date of March 16, 2013, however, the pre-AIA version of Sections 102(a)-(b) apply. *See UCB, Inc. v. Watson Lab'ys Inc.*, 927 F.3d 1272, 1291 (Fed. Cir. 2019) (explaining change).

[5] Public webpages captured by the Internet Archive's "Wayback Machine" confirm that ESX 1.5 was available on May 13, 2002—over a year before the '583 patent's filing date. *See* "VMware Announces ESX Server 1.5 for Enterprise Server Consolidation" (May 13, 2002), available at https://web.archive.org/web/20020610021656/ http://www.vmware.com/news/releases/esx15.html. ESX 1.5 therefore also qualifies as prior art under Section 102(b). The Court may

### 2. Per ZT's pleadings, ESX 1.5 meets all elements of the asserted claims.

Multiple courts in this District and Circuit have acknowledged that a plaintiff's pleadings may be used against it to prove invalidity. Specifically, a plaintiff's pleadings act as an admission that an accused product satisfies every element of a patent and thus anticipates it, if earlier in time. *See, e.g., Gammino v. Sw. Bell Tel., L.P.*, 512 F. Supp. 2d 626, 636 (N.D. Tex. 2007), *aff'd*, 267 F. App'x 949 (Fed. Cir. 2008) ("[T]he fact that Gammino bases his infringement claims against SWB on SWB's own prior art call-blocking services renders the claims of his patents invalid."); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 14-cv-744, 2016 U.S. Dist. LEXIS 25420, at *20 (E.D. Tex. Mar. 1, 2016) ("When the defendant contends the patent is invalidated by the accused product itself, the patentee's infringement allegations operate as a concession that the accused product meets the limitations of the asserted claims."); *Google Inc. v. Beneficial Innovations, Inc.*, No. 11-cv-229, 2014 U.S. Dist. LEXIS 116824, at *13 (E.D. Tex. Aug. 22, 2014) ("The Federal Circuit held that, when the item identified as anticipating prior art is the same as that which the patentee contended to be infringing, the patentee's infringement contentions alone satisfy the accused infringer's burden to prove anticipation.").

Here, ZT has accused ESX 1.5 of infringement. It provided an infringement chart (Exhibit A to the Complaint) explaining how ESX 1.5 allegedly satisfies all limitations of '583

---

take judicial notice of this fact if it so desires. *See, e.g., Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021) ("District courts have taken judicial notice of the contents of webpages available through the Wayback Machine 'as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (quoting *Erickson v. Neb. Mach. Co.*, No. 15-cv-1147, 2015 U.S. Dist. LEXIS 87417, at *1 n.1 (N.D. Cal. July 6, 2015); *see also Pohl v. MH Sub I, LLC,* 332 F.R.D. 713, 716 (N.D. Fla. 2019) (following "lead of the overwhelming number of courts that have decided the issue and tak[ing] judicial notice of the contents of WayBack Machine evidence"); *but see Weinhoffer v. Davie Shoring, Inc.,* 23 F.4th 579, 584 (5th Cir. 2022) (declining to take judicial notice of unauthenticated exhibit).

patent claim 1. VMware thus need not show that ESX 1.5 satisfies every element of the asserted claims. ZT's accusation acts as a binding admission that ESX 1.5 anticipates (*i.e.,* invalidates) the claims.[6] *See Evans Cooling,* 125 F.3d at 1451; *Vanmoor,* 201 F.3d 1366.

### B.  Dismissal under Rule 12(b)(6) is appropriate.

Judgment in a defendant's favor holding a patent invalid is appropriate where the accused product predates the patent's filing date. *See, e.g., Big Baboon,* 2019 U.S. Dist. LEXIS 69769, at *7-8 (invalidating patent where accused product sold before patent's priority date); *Gammino,* 512 F. Supp. 2d at 633 ("Gammino's own infringement case places his claims squarely within items of anticipatory prior art rendering the asserted claims of his patents invalid under 35 U.S.C. §§ 102(b)."). Judgment is appropriate for the same reason here, as ZT has accused a prior art product (ESX 1.5) of infringing a later-filed patent (the '583 patent).

ZT must be aware that dismissal is the appropriate outcome here. Its counsel stipulated to that result when faced with similar facts—but was sanctioned nevertheless.

In *WPEM,* ZT's counsel stipulated to the dismissal of his client's case where "it was 'reasonably clear' that the [a]ccused [t]echnology [was] in fact prior art" and, it "covered by the [a]sserted [patent, as [his client] contend[ed], . . . invalidate[d] rather than infringe[d] the [a]sserted [p]atent." *WPEM,* 2020 U.S. Dist. LEXIS 17449, at *7. Despite his client's stipulated dismissal, the court found that ZT's counsel had "unreasonably subjected [the defendant] to the costs of litigation" and required his client to "bear its attorneys' fees" of $179,622. *Id.* at *8.

---

[6] ZT cannot avoid invalidity by "walking back" its infringement allegation against ESX 1.5 (*e.g.*, by arguing that ESX 1.5 does not satisfy a claim element). *See Big Baboon, Inc. v. SAP Am., Inc.,* No. 17-cv-2082, 2019 U.S. Dist. LEXIS 69769, at *7-8 (N.D. Cal. Apr. 24, 2019) (rejecting attempt to disclaim infringement accusations against prior art product). Such an attempt would not avoid dismissal, however, as ZT's Complaint then would be deficient for a different reason: VMware would not infringe. *See Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1215 (Fed. Cir. 2014) ("To prove literal infringement, the patentee must show that the accused device contains *each and every limitation* of the asserted claims.").

The Federal Circuit subsequently affirmed the fee award in defendant's favor. *See WPEM, LLC v. SOTI Inc.*, 837 F. App'x 773, 774 (Fed. Cir. 2020) (observing that, as "the [a]ccused [t]echnology [was] prior art . . . , [plaintiff] could not bring a successful infringement suit").

The reasoning of *Baboon, Gammino,* and *WPEM* applies equally here. ZT's maintenance of this lawsuit—despite VMware's repeated explanations of its obvious deficiencies—warrants dismissal and fees. VMware respectfully requests that the Court order both.

## V.    CONCLUSION

That which infringes, if later, anticipates, if earlier. ZT has asserted the '583 patent against a product (ESX 1.5) that predates that patent. Under well-established Federal Circuit precedent, the '583 patent therefore is invalid. VMware respectfully requests that the Court dismiss ZT's lawsuit with prejudice.

Dated: July 8, 2022                    Respectfully submitted,

*[signature]*

RICHARD S. J. HUNG*
  rhung@mofo.com
DIEK O. VAN NORT*
  dvannort@mofo.com
BERKELEY G. FIFE*
  bfife@mofo.com
CALEB D. WOODS*
  calebwoods@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone: (415) 268-7000
Telecopier: (415) 268-7522

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*To move for *pro hac vice* admission

*Counsel for Defendant VMware, Inc.*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 8, 2022, I filed the foregoing document via the Court's ECF system, which will send notice of the filing to counsel for Plaintiff.

/s/ Steven Callahan
STEVEN CALLAHAN