**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZT IP, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:22-cv-00970-X** |
| **v.** | ) | |
| | ) | |
| **VMWARE, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF'S RESPONSE TO VMWARE, INC.'S**
**MOTION FOR RULE 11 SANCTIONS**

Plaintiff ZT IP, LLC. ("ZT" or "Plaintiff") files this Response to VMWARE, INC.'s Motion for Rule 11 Sanctions ("Motion")[1] showing the Court that it should be denied.

## I. BACKGROUND

ZT sued VMware, Inc. ("VMware" or "Defendant") for infringement of its U.S. Patent No. 7,647,583 ("the '583 patent") on May 2, 2022.[2] In support of its allegations of infringement by VMware, ZT provided a claim chart showing how all features of claim 1 were disclosed by VMware User's Manual ESX Server, Version 1.5 ("ESX 1.5"). ZT also acknowledged in its Complaint that the allegations of infringement are preliminary and are therefore subject to change.[3]

In a June 1, 2022 Zoom conference, VMware alleged that ESX 1.5 was publicly available over a year before the '583 patent's priority date and that VMware had removed the ESX 1.5 Service Console in 2010, precluding any claim for damages.[4] ZT's attorneys requested a follow

[1] Doc. No. 25.
[2] Doc. No. 1.
[3] Doc. No. 1 at ¶10.
[4] Plaintiff notes that at the time of filing the Complaint, it was believed that the ESX 1.5 reference qualified as prior art under 35 U.S.C. 102(a), and as such, Plaintiff could have sworn behind the ESX 1.5 reference (which had a

up meeting after it had a chance to review the information provided by VMware during the meeting and discuss the matter with the plaintiff.

Immediately following the June 1, 2022 conference, ZT's attorney contacted ZT and ZT took steps to verify the information provided during the June 1, 2022 conference. It took weeks to verify the information provided including meeting with the inventor and reviewing again the ESX 1.5 reference. As noted by one of the co-founders of ZT, "we tried to complete our analysis as quickly as possible, the diligence took longer than we anticipated. I was able to report back on June 17, 2022, to my lawyer that the 2002 Document was not needed for our infringement position."[5] On June 17, 2022, ZT provided an updated claim chart to ZT's attorneys.[6] However, before ZT's attorney could complete its review of the updated claim chart, VMware served a draft of its Rule 11 motion on ZT on June 21, 2022 (prior to having filed its Motion to Dismiss). Thus, even if the initial Complaint was defective, the safe harbor rule would allow ZT to move to dismiss its Complaint by July 7, 2022, automatically without penalty. However, the case was not dismissed until after counsel for Plaintiff and counsel for Defendant spoke again on July 18, 2022. In fact, Plaintiff informed counsel for Defendant that it would be dismissing its case shortly after a phone conference with Defendant and its counsel.[7] In that conference, Defendant requested that Plaintiff dismiss its case.

---

copyright date of 2002). That is, Plaintiff believes that it could have established a priority date earlier than December 31, 2002. It was not until after having filed the Complaint that Defendant provided evidence that the ESX 1.5 reference was possibly publicly available as early as May 13, 2002.

[5] Declaration of Gorrichategui ("Gorrichategui Decl.") at ¶¶4-5.

[6] Decl. of Gorrichategui") at ¶5.

[7] Declaration of Ramey ("Ramey Decl.") at ¶11.

VMware filed its Motion to Dismiss[8] on July 8, 2022 arguing that ESX 1.5 was copyrighted in 2022 and thus infringement was an impossibility.[9] VMware requested a meet and confer in advance of filing its Rule 11 motion and the parties agreed to meet on July 18, 2022. During the July 18, 2022 meeting ZT explained that it was carefully reviewing the information provided, the Motion to Dismiss and the draft Motion for Sanctions. VMware threatened it would seek sanctions if ZT did not immediately dismiss its Complaint. Based on ZT's careful review of the Motion to Dismiss and information provided by Defendant during the June 1 and July 18 conferences, ZT filed a Notice of Dismissal on July 18, 2022.[10] ZT did immediately dismiss the case after the July 18, 2022 conference (only 77 days after initially filing the Complaint). As noted by VMware in its Motion for Sanctions, ZT filed for dismissal less than 30 minutes after the call's conclusion.[11] However, even though ZT filed to dismiss its Complaint, VMware still pursued sanctions.

ZT's action in this case were reasonable and non-frivolous. ZT provided a claim chart showing that it compared each element of claim 1 of the '583 patent to the alleged infringing device and functionality.[12] The subject matter of the '583 patent and alleged device and functionality is complex and mapping the dual operating systems in the claim to the nomenclature VMware used for dual operating systems was also complex.[13] ZT met its burden of filing a plausible complaint. After receiving additional information from Defendant, ZT performed further due diligence in reviewing the information provided by Defendants, preparing and reviewing a

[8] Doc. No. 13.
[9] Doc. No. 13.
[10] Doc. No. 17; Ramey Decl. at ¶11.
[11] Doc. No. 25, page 9 of 18.
[12] Gorrichategui Decl. at ¶¶2-3.
[13] Ghorbanpoor Decl. at ¶4.

new claim chart,[14] and meeting with the inventors.[15] ZT then moved to dismiss its complaint less than 3 months from when the initial Complaint was filed. ZT's actions in this case were non-frivolous and Rule 11 sanctions are not warranted.

## II. RELEVANT LAW

### A. Rule 11

Rule 11 (b) states that a person, by presenting to the court "a pleading, written motion, or other paper is certifying that to the best of the person's knowledge, information, and belief, formed after *an inquiry reasonable under the circumstances*," (1) the purpose of the paper or pleading is not improper; (2) the legal assertions are not frivolous; and (3) the factual contentions have or are likely to have evidentiary support.[16] Under Rule 11 (c), a court may impose sanctions against parties or attorneys that have violated Rule 11(b).[17]

Generally, the Federal Circuit has analyzed prefiling requirements of Rule 11(b) in patent infringement cases under the constraint of non-frivolousness[18] and as two separate requirements: legal and factual.[19] If the court determines that a party or attorney has violated Rule 11 (b), "the court may award to the party prevailing on the [motion for sanctions] reasonable expenses and attorney fees incurred in presenting or opposing the motion."[20]

### B. Pre-Filing Investigation

The court in *Q-Pharma v. Andrew Jergens* stressed that "the key factor in determining whether a patentee performed a reasonable prefiling inquiry is the presence of an infringement

[14] Ex. 1 to Gorrichategui Decl.
[15] Gorrichategui Decl. at ¶¶ 4-8.
[16] Fed. R. Civ. P. Rule 11(b).
[17] Fed. R. Civ. P. Rule 11(c).
[18] *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004).
[19] *Antonius v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1071-1072 (Fed. Cir.2002).
[20] Fed. R. Civ. P. Rule 11(c).

analysis," which could be simply "a good faith, informed comparison of the claims of a patent against the accused subject matter."[21] A prefiling inquiry need not be successful to be reasonable.[22]

The Federal Circuit stated that before filing the suit, the attorney at a minimum must interpret the relevant claims of the patent and compare the infringing device with those claims.[23] While commenting that *Q-Pharma*'s claim construction was broad, the court relied on the attorney's declaration that he interpreted and analyzed the patent claims, specification, and file history to reach a reasonable, non-frivolous infringement analysis.[24] In so holding, the court noted that a claim chart is not required for a prefiling infringement analysis and that the correctness of *Q-Pharma's* claim construction was not relevant.[25]

## III. ARGUMENT

### A. ZT Conducted Adequate Pre-Filing Investigation

VMware alleges that ZT failed to conduct adequate pre-filing investigation and maintenance of this suit because ZT's complaint allegedly suffered from two defects. First that the accused ESX 1.5 functionality predates the '583 patent and thus could not infringe; and second, that VMware removed the accused ESX 1.5 functionality over a decade ago and thus even if ZT's infringement theory were plausible, ZT could not recover damages under 35 U.S.C. § 286.[26]

#### i. Swearing Behind the ESX 1.5 Reference

[21] *Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295, 1302 (Fed. Cir. 2004).
[22] See *Hoffman-LaRoche Inc. v. Invamed, Inc.,* 213 F.3d 1359, 1361 (Fed. Cir. 2000).
[23] *Q-Pharma*, 360 F.3d at 1301.
[24] *Id*.
[25] *Id*.
[26] Doc. No. 25.

At the time of filing its Complaint, the information that ZT had discovered was that the accused ESX 1.5 functionality infringed the '583 patent. The ESX functionality was marked as having been copyrighted in 2002 (no month or day was discovered on the publication). The filing date of the '583 patent is May 20, 2003. ZT could swear behind the ESX 1.5 reference at least until November 14, 2002, if not earlier.[27] That is, based on the information that ZT had at the time of filing the Complaint, it need only show a date of invention earlier than December 31, 2022.[28] At the time of filing the Complaint, ZT did not have information that the publication date of ESX 1.5 was more than one year from the priority date of the '583 patent.

Furthermore, although VMware alleges that the actual publication date of the reference (May 13, 2002) was publicly available, it only produced one reference showing this earlier date that Plaintiff did not discover on its own at the time of filing the Complaint through its diligence. Defendant's alleged proof of publication is a press release that does not contain a disclosure of the elements of the ESX server.[29] Such flimsy documentation and evidence should not be adequate to serve as the basis for a Rule 11 sanction.

**ii. ZT Had Plausibly Shown That Every Element of Claim 1 of the '583 Patent was Infringed by ESX 1.5**

In *WPEM, LLC v. SOTI Inc.*, civil action no. 2:18-CV-00156-JRG, 6 (E.D. Tex. Feb. 4, 2020), the Court stated it does not expect that patentees will uncover every potential obstacle to the assertion of their patents prior to filing a patent infringement suit. No pre-filing investigation

---

[27] Declaration of Gorrichategui at ¶2.

[28] Based on new information later provided by the Defendant, it appears that the ESX 1.5 might have been publicly available on May 13, 2002, thus possibly having a priority date more than one year earlier than the '583. If so, ZT would not have been able to swear behind the reference. Nonetheless, ZT still performed an adequate pre-filing investigation.

[29] https://news.vmware.com/releases/esx15.

is perfect. Diligence is far different than perfection. However, WPEM's failure to conduct any pre-filing investigation into the invalidity and enforceability of the Asserted Patent is not excusable.[30]

In the present case, ZT did in fact conduct pre-filing investigation by using experts to prepare a claim chart showing how each claim element was infringed by the ESX 1.5.[31] ZT attorneys reviewed the claim chart before filing the Complaint.[32] The subject matter of the '583 patent and alleged ESX 1.5 device and functionality is complex and mapping the dual operating systems in the claim to the nomenclature VMware used for dual operating systems was also complex.[33]

In this case, alleged deficiencies in ZT's Compliant were discovered at an early stage despite a diligent pre-filing investigation when the Defendant provided ZT with additional information.[34] ZT took reasonable time under the circumstances to carefully review the new information and consult with its client and the inventor to verify that the new information appeared correct. From June 22, 2002, through July 15, 2022, Ramey LLP went through the material sent by VMWare in the Rule 11 letter and the client supplied Revised Chart. However, the diligence effort was complicated by the sickness of the Firm's primary litigation attorney, Donald Mahoney. Mr. Mahoney was only present in the office about 40% of the time and was not able to contribute to this diligence project which slowed it down. He passed in August of 2022.[35]

---

[30] Plaintiff does not agree with the WPEM Court's holding that no pre-filing investigation into the invalidity and enforceability of the Asserted Patent was conducted. However, whether or not the Court was correct as to no pre-filing investigation being conducted is irrelevant to this case. What is relevant is the standard set by the Court that sanctions are warranted when failing to conduct any pre-filing investigation.

[31] Gorrichategui Decl. at ¶¶ 2-3; Ramey Decl. at ¶3.

[32] Ramey Decl. at ¶3.

[33] Ghorbanpoor Decl. at ¶4.

[34] Gorrichategui Decl. at ¶¶ 4-8; Ramey Decl. at ¶¶ 5-11.

[35] Ramey Decl. at ¶9.

As VMware acknowledges in its Motion, it repeatedly threatened sanctions.[36] ZT took these threats seriously and thus conducted a very thorough review after receiving additional information from Defendant. ZT also informed VMware that it was reviewing the additional information provided.[37] As a result, the Complaint was promptly dismissed less than 3 months from when the Complaint was initially filed.

**iii. ESX 1.5 Does Not Constitute Prior Art**

After receiving additional information from Defendant, ZT updated its initial claim chart. After a very thorough re-review of claim 1 of the '583 patent compared to the ESX 1.5, Plaintiffs can show that the ESX 1.5 does not in fact disclose every feature of claim 1.[38] Thus, even if the priority date of the '583 was earlier than the ESZ 1.5, the ESX 1.5 would not infringe. Furthermore, because the ESX 1.5 does not in fact disclose every feature of the claims, the ESX 1.5 would not constitute prior art to the '583 patent.[39]

The complexity of the technology along with the difference in terminology made crafting an infringement position difficult.[40] It was only after looking anew at the original claim chart, in light of what Defendant provided that it was determined that 2002 Document did not disclose a guest operating system running on top of the host operating system, i.e., VMware ESX Server did not have a host operating system as claimed in U.S. Pat. No. 7,647,583.[41]

**iv. VMware Claims to Have Removed the Accused ESX 1.5 Functionality Over a Decade Ago**

---

[36] Doc. No. 25.
[37] Ramey Decl. at ¶9.
[38] See Exhibit 1 – Revised Claim Chart.
[39] *Id*.
[40] Ghorbanpoor Decl. at ¶5.
[41] Gorrichategui Decl. at ¶6.

In the present case, ZT did in fact conduct pre-filing investigation by preparing a claim chart and then having a ZT attorney review the claim chart.[42] Alleged deficiencies in ZT's Compliant were discovered at an early stage despite a diligent pre-filing investigation when new information was provided by the Defendant to ZT.[43] ZT took reasonable time under the circumstances to carefully review the new information and consult with its client and inventors to verify that the new information appeared correct. As a result, the Complaint was promptly dismissed less than 3 months from when the Complaint was initially filed.

### B. This Case is Not Exceptional

VMware asserts that ZT and its counsel did not conduct an adequate pre-filing investigation. On the contrary, as discussed, ZT prepared a detailed claim chart including complex technology and the chart was reviewed by ZT attorneys before filing its Complaint. After receiving new information from the Defendant pertinent to infringement, ZT carefully reviewed the new information and moved for dismissal of its own case only 77 days after filing its Complaint.

Contrary to the assertions by VMware, ZT did not ignore the new information provided of non-infringement and no damages. Rather, ZT carefully reviewed the information and the information was reviewed and discussed with ZT's attorney and the inventors of the '583 patent. ZT also prepared an updated claim chart showing that the ESX 1.5 did not in fact disclose all of the claim features.

VMware tries to tie this case with another (*WPEM v. SOTI*) where it was held that no pre-filing investigation occurred. That is not the case here.[44] On the contrary, ZT prepared a claim

---

[42] Gorrichategui Decl. at ¶¶ 4-8.
[43] Ramey Dec. at ¶6.
[44] VMware appears to attempt to prejudice this court against ZT's attorney when it states on page 15 of its 285 Motion that ZT's counsel was chastised for "making the same grievous error." The issue of the WPEM case is not

chart comparing every feature of claim 1 of the '583 patent to the accused ESX 1.5. Later, ZT spent several weeks carefully reviewing new information provided by the Defendant and then promptly moved for dismissal after its July 18, 2022, telephone conference with the Defendant.[45] This case is not exceptional.

## IV. CONCLUSION

ZT conducted adequate pre-filing investigation and promptly sought dismissal when new information was brought to its attention. The Motion for Rule 11 Sanctions should be denied and this case should be found to not be exceptional.

DATED: August 29, 2022

Respectfully submitted,

**Ramey LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for ZT IP, LLC.***

the same as the issues presented here and Plaintiff does not agree with the WPEM Court's holding that no pre-filing investigation into the invalidity and enforceability of the Asserted Patent was conducted. However, whether or not the Court was correct as to no pre-filing investigation being conducted in the WPEM case is irrelevant to this case. What is relevant is the standard set by the Court that sanctions are warranted when failing to conduct *any* pre-filing investigation. This is clearly not the case here.

[45] Ramey Decl. at ¶11.

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of August 29, 2022, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III