**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZT IP, LLC,        )<br>   Plaintiff,    )<br>                      )<br>v.                   )<br>                      )<br>VMWARE, INC.,   )<br>   Defendant.  )<br>                      )<br>                      ) | Civil Action No. 3:22-cv-00970-X<br><br><br>JURY TRIAL DEMANDED |

**Declaration of William P. Ramey, III**

I, William P. Ramey, III, declare as follows:

1. My name is William Ramey, and I am over the age of eighteen and competent to make this declaration. The facts stated herein are within my personal knowledge. If called upon, I could and would testify competently to them. I am currently an owner and principal of the law firm Ramey LLP ("Ramey LLP") in Houston, Texas.

2. In April of 2022, I was approached by Carlos Gorrichategui, Ph.D., of ZT IP, LLC to file a series of patent infringement cases against various defendants, including VMWare, Inc. My Firm assisted Dr. Gorrichategui in establishing ZT IP, LLC in Texas and in assigning various patents to ZT IP, LLC, including U.S. Pat. Nos. 6,934,947; 7,210,116; 7,620,928; 7,647,583; 7,882,488; 7,900,187; and 7,945,879.

3. After confirming assignment and entity formation, my Firm reviewed the claim chart supplied by the client against VMWare alleging infringement of the claims of U.S. Pat. No. 7,647,583. This claim chart and the supporting links plausibly alleged infringement, in our opinion. Our analysis included reviewing the claim chart referenced product documentation for the ESX 1.5 and applying a plain and ordinary meaning to the claim terms. We relied on Dr. Gorrichategui for his opinions on the technical aspects of the infringement chart.

4. Based on our pre-suit diligence and the client's pre-suit diligence, we filed the instant lawsuit on or about May 2, 2022. Our Original Complaint used the claim chart reviewed in our diligence.

5. On or about May 24, 2022, Danielle Coleman and Daniel Lin contacted me to discuss the case. Both are internal counsel at VMWare. We agreed to discuss the case June 1, 2022. (Exhibit I, May 24, 2022 e-mail chain).

6. During the June 1, 2022, discussion, counsel for VMWare provided hyperlinks to publications about its ESX server. One hyperlink was to a press release announcing the launch of the ESX 1.5. Another hyperlink was to VMware vSphere 4.1 Release Notes—ESX Edition. The last hyperlink was to a description of the ESXi product at VMWare.

7. On June 1, 2022, I sent the three hyperlinks to my client and asked for a discussion after they researched the issues. We scheduled a follow-up call on June 8, 2022, but I was in route to Peru for a trek and did not return until June 21, 2022. When I returned, I noticed that VMWare had me a letter via e-mail on June 13, 2022. However, I did not recall seeing the e-mail until June 22, 2022, because I was out of town with spotty Internet connection. VMware had also served a draft of its Rule 11 motion on June 21, 2022. I immediately forwarded the letter and draft Rule 11 motion to my client.

8. Prior to that, on June 17, 2022, my client responded back with a Revised Chart that made no mention of the 2002 Document. Further, my client provided an explanation of why the 2002 Document was not prior art, as it did not disclose a "guest operating system" running on top of the "host operating system", i.e., VMware ESX Server did not have a "host operating system" as claimed in U.S. Pat. No. 7,647,583. (See Ex. I to the Declaration of Carlos Gorrichategui).

9. From June 22, 2002, through July 15, 2022, I went through the material sent by VMWare in the Rule 11 letter and the Revised Chart. However, the diligence effort was complicated by the sickness of my Firm's primary litigation attorney, Donald Mahoney. Mr. Mahoney was only present in the office about 40% of the time and was not able to contribute to this diligence project which slowed it down. He passed in August of 2022.

10. On July 15, 2022, VMWare reached out to set up a meeting. We held that conference on July 18, 2022, by video and phone. I informed counsel for VMWare that we were still doing our diligence and expected to be done soon. Counsel for VMWare asked that we dismiss the lawsuit and when we would be done with our diligence.

11. After getting off the phone with VMWare and its outside counsel, I decided we should dismiss the lawsuit without prejudice in light of the material submitted by VMWare, as our diligence in light of what they sent was not done. The lawsuit was mistakenly dismissed with prejudice. I notified outside counsel for VMWare of our intention to dismiss the lawsuit without prejudice that same day.

12. I informed my client that we dismissed the lawsuit as we were not done with our diligence on the materials sent to us by VMWare, but we wanted to avoid the Rule 11 Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of August, 2022 in Houston, Texas.

_____
William Ramey