## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ZT IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Case No. 3:22-cv-970-X** |
| | § | |
| **VMWARE, INC,** | § | |
| | § | |
| **Defendant.** | § | |

## WILLIAM RAMEY AND RAMEY LLP'S RESPONSE TO
## VMWARE, INC.'S MOTIONS TO ADD PARTIES AND TO AMEND JUDGMENT

By:  **DANIEL D. TOSTRUD**
Texas Bar No. 20146160
dtostrud@cobbmartinez.com

**LINDSEY WYRICK**
Texas Bar No. 24063957
lwyrick@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 Telephone
(214) 220-5299 Fax

**ATTORNEYS FOR WILLIAM
RAMEY AND RAMEY LLP**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES ....................................................................................................... ii

I.	INTRODUCTION ............................................................................................................1

II.	ARGUMENT AND AUTHORITIES ...............................................................................2

    A.	MOTION TO AMEND THE JUDGMENT ........................................................... 2

        1.	Rule 60(b)(2).............................................................................................. 3

        2.	Rule 60(b)(6).............................................................................................. 5

        3.	Amending the Judgment Would Deny the Ramey Lawyers Due Process..... 6

    B.	MOTION TO JOIN PARTIES ................................................................................. 9

        1.	Cases Cited by VMware .......................................................................... 10

        2.	My Health, Inc. v. ALR Technologies, Inc................................................ 12

PRAYER.......................................................................................................................14

CERTIFICATE OF SERVICE ...............................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*A Pty Ltd. v. Google, Inc.*,
   No. 1:15-CV-157 RP, 2016 WL 4212295 (W.D. Tex. Aug. 9, 2016)........................................6

*Ackerman v. United States*,
   340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)........................................................6

*Alliance for Good Gov't v. Coalition for Better Gov't*,
   998 F.3d 661 (5th Cir. 2021) ......................................................................6, 7, 10

*Bankers Mortg. Co. v. United States*,
   423 F.2d 73 (5th Cir. 1970) ...........................................................................2

*Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*,
   595 S.W.3d 651 (Tex. 2020)..........................................................................8

*Dragon Intellectual Property, LLC v. DISH Network L.L.C.*,
   Civ. Act. Nos. 13-2066-RGA, 13-2067-RGA, 2021 WL 5177680 (D. Del.
   Nov. 8, 2021), *appeal filed* (Fed. Cir. April 11, 2022) ......................................13, 14

*Garber v. Chi. Mercantile Exch.*,
   570 F.3d 1361 .......................................................................................2

*Golan v. Pingel Enter., Inc.*,
   310 F.3d 1360 (Fed. Cir. 2002)........................................................................2

*Gray v. Estelle*,
   574 F.2d 209 (5th Cir.1978) ..........................................................................6

*Healing v. CSX Transp., Inc.*,
   396 F.3d 632 (5th Cir. 2005) .........................................................................3

*Hood ex rel. Mississippi v. City of Memphis*,
   570 F.3d 625 (5th Cir. 2009) .........................................................................9

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elec. Co., Ltd.*,
   Civ. Act. No. 4:14-CV-00371, 2017 WL 1716788 (E.D. Tex. Apr. 27, 2017) ....................3, 4

*In re Rembrandt Techs. LP Pat. Litig.*,
   899 F.3d 1254 (Fed. Cir. 2018)......................................................................12

*Interlink Elecs. v. Incontrol Sols., Inc.*,
   1999 WL 641230 *3 (Fed. Cir. Aug. 24, 1999) (per curiam)..................................13

*Int'l Nutrition Co. v. Horphag Rsch. Ltd.*,
   257 F.3d 1324 (Fed. Cir. 2001) (citations omitted) ...........................................2

*Iris Connex, LLC v. Dell, Inc.*,
    235 F. Supp. 3d 826 (E.D. Tex. 2017) ..........................................................10, 11, 12

*Longden v. Sunderman,* 979 F.2d 1095 (5th Cir. 1992) .................................................3

*Marquip, Inc. v. Fosber America, Inc.,*
    198 F.3d 1363 (Fed. Cir. 1999) ...................................................................................2

*My Health, Inc. v. ALR Techs, Inc.*,
    No. 2:16-cv-00535-RWS-RSP, 2019 WL2395409 (E.D. Tex. June 5, 2019),
    *aff'd*, No. 2:16-CV-535-RWS-RSP, 2020 WL 122933 (E.D. Tex. Jan. 10,
    2020) .................................................................................................7, 8, 9, 12, 13

*Nelson v. Adams USA, Inc.*,
    529 U.S. 460 (2000)................................................................................................7, 13

*Phonometrics, Inc. v. ITT Sheraton Corp.*,
    64 F. App'x 219 (Fed. Cir. 2003) ..........................................................................7, 13

*SAP America, Inc. v. InvestPic, LLC*,
    No. 3:16-cv-2689, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021)....................11, 12

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-CV-243-H, 2022 WL 1447946 (N.D. Tex. Feb. 9, 2022) ........................13

*Sved on behalf of Nominal Defendant Home Solutions of Am. v. Chadwick*,
    Civ. Act. No. 3:06-CV-1135-N, 2010 WL 11614304 (N.D. Tex. March 16,
    2010) Longden v. Sunderman, 979 F.2d 1095 (5th Cir. 1992)........................3, 4, 5

*Thermacor Process, L.P. v. BASF Corp.,*
    567 F.3d 736, 744 (5th Cir. 2009) .............................................................................3

*Troice v. Proskauer Rose, LLP*,
    816 F.3d 341 (5th Cir. 2016) ......................................................................................8

*Versata Software, Inc. v. SAP Am., Inc*.,
    No. 2:07-CV-153-RSP, 2014 WL 1600327 (E.D. Tex. Apr. 21, 2014) ................2, 5

*Viaas Inc. v. Amazon.com Inc.*,
    No. WA-22-CV-1041-KC, 2023 WL 3069122 (W.D. Tex. Apr. 25, 2023)..........2, 13

*WPEM, LLC v. SOTI Inc.*,
    Civ. Act. No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4,
    2020) .........................................................................................................................13

*ZT IP, LLC v. VMware*,
    Civ. Act. No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023)...................4, 12

**Statutes**

15 U.S.C. § 1117(a) .................................................................................................................6

35 U.S.C. § 285............................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 12(b)(6) .........................................................................................................12

FED. R. CIV. P. 15....................................................................................................................7

FED. R. CIV. P. 19....................................................................................................................9

FED. R. CIV. P. 19(a) ...............................................................................................................9

FED. R. CIV. P. 20..................................................................................................................12

FED. R. CIV. P. 20(a)(1)...........................................................................................................9

FED R. CIV. P. 20(a)(2)............................................................................................................9

FED. R. CIV. P. 59(b) ...............................................................................................................3

FED. R. CIV. P. 59(c) ...............................................................................................................7

FED. R. CIV. P. 60(b) ..................................................................................................... *passim*

FED. R. CIV. P. 60(b)(2)....................................................................................................3, 4, 5

FED. R. CIV. P. 60(b)(6)........................................................................................................5, 6

**Other Authorities**

11 Wright & Miller, *Federal Practice and Procedure* § 2864 ........................................ 6

William Ramey and Ramey LLP (collectively, the "Ramey Lawyers"), former counsel in this action[1] for Plaintiff ZT IP, LLC ("ZT IP") file this Response to Defendant VMware, Inc.'s ("VMware") Motion to Add Parties and Motion to Amend Judgment, requesting that this Court deny the motions.  In support, the Ramey Lawyers would respectfully show the Court as follows:

## I.      INTRODUCTION

The Ramey Lawyers' former client in this action, ZT IP, filed a voluntary motion to dismiss this case with prejudice on July 18, 2022, less than three months after suit was filed and before any discovery took place. (Dkt. 17). Following VMware's Motion for Rule 11 Sanctions (Dkt. 25) and Motion for an Exceptional Case Finding and Its Attorneys' Fees under 35 U.S.C. § 285 (Dkt. 26), on February 6, 2023, this Court denied VMware's Motion for Rule 11 sanctions and granted the Motion to declare the case exceptional under 35 U.S.C. § 285, awarding fees of $92,130.35 against ZT IP. (Dkt. 43). VMware has now filed a Motion to Join Parties (Dkt. 45) and Motion to Amend the Judgment (Dkt. 45), seeking to "amend and reopen" the Court's judgment awarding those fees under Federal Rule of Civil Procedure 60(b) "to make Dynamic IP Deals LLC ("Dynamic IP"), Pueblo Nuevo LLC ("Pueblo Nuevo"), Entente IP LLC ("Entente"), Carlos Gorrichategui, David Ghorbanpoor, William Ramey, and Ramey LLP" as "Responsible Parties liable for the February 6, 2023 fee award." VMware's Motion to Join Parties and its Rule 60(b) Motion should be denied as to all the so-called "Responsible Parties," and particularly for the Ramey Lawyers, for the reasons set forth below.[2]

---

[1] The Ramey Lawyers are in the process of formally withdrawing from the representation of ZT IP, and the company is now represented by Warren Norred of Norred Law, PLLC.

[2] The Ramey Lawyers believe that VMware's Motions are wrong and should be denied as to all the so-called "Responsible Parties," but file their Response separately because they have unique defenses to VMware's claims based upon their status as outside counsel to ZT IP.

## II.     ARGUMENT AND AUTHORITIES

### A.     MOTION TO AMEND THE JUDGMENT

Federal Rule of Civil Procedure 60(b) provides specific, limited grounds upon which a party may move for relief from a final judgment or order of the Court. FED. R. CIV. P. 60(b).  When considering a Rule 60(b) motion, the Court must balance the grounds argued for relief against the sanctity of final judgments, expressed in the doctrine of *res judicata. Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970).

Generally speaking, "Federal Circuit law applies to causes of action within the exclusive jurisdiction of the Federal Circuit," such as patent infringement claims. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1368 (Fed. Cir. 2002) (collecting cases). However, "even in cases within the Federal Circuit's purview, the law of the regional circuit in which the district court presides applies to "purely procedural question[s]." *Viaas Inc. v. Amazon.com Inc.,* No. WA-22-CV-1041-KC, 2023 WL 3069122, at *3 (W.D. Tex. Apr. 25, 2023) (quoting *Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361, 1363–64 (Fed. Cir. 2009)). Questions are purely procedural only when "they do not (1) pertain to patent law, ... (2) bear an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or (3) clearly implicate the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Viaas,* 2023 WL 3069122, at *3 (quoting *Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, 257 F.3d 1324, 1328 (Fed. Cir. 2001) (citations omitted)).

The Federal Circuit has held that "a Rule 60(b) motion is purely procedural and not unique to patent law, therefore it is governed by the law of the regional circuit, in this case the Fifth Circuit." *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-CV-153-RSP, 2014 WL 1600327, at *2 (E.D. Tex. Apr. 21, 2014) (citing *Marquip, Inc. v. Fosber America, Inc.,* 298 F.3d 1363, 1369 (Fed. Cir. 1999)).

2

1.      **Rule 60(b)(2)**.

VMware has sought relief under Rule 60(b)(2), which provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

\*\*\*

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

FED. R. CIV. P. 60(b)(2).

The Fifth Circuit has held that "a motion under Rule 60(b)(2) 'is an extraordinary motion, and the requirements of the rule must be strictly met.'" *Sved on behalf of Nominal Defendant Home Solutions of Am. v. Chadwick,* Civ. Act. No. 3:06-CV-1135-N, 2010 WL 11614304, at \*2 (N.D. Tex. March 16, 2010) (quoting *Longden v. Sunderman,* 979 F.2d 1095, 1102 (5th Cir. 1992)) (cleaned up). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been raised before the entry of judgment." *Sved,* 2010 WL 11614304, at \*2 (cleaned up).

To bring a successful motion under Rule 60(b)(2), a party must "set forth newly discovered evidence and demonstrate '(1) that it exercised due diligence in obtaining the information, and (2) the evidence is material and controlling and *clearly would have produced a different result* if presented before the original judgment.'" *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elec. Co., Ltd.,* Civ. Act. No. 4:14-CV-00371, 2017 WL 1716788, at \*2 (E.D. Tex. Apr. 27, 2017) (quoting *Thermacor Process, L.P. v. BASF Corp.,* 567 F.3d 736, 744 (5th Cir. 2009) and *Healing v. CSX Transp., Inc.,* 396 F.3d 632, 639 (5th Cir. 2005) (emphasis added)).

VMware's Motion to Amend the Judgment cannot meet the strict requirements to reopen a judgment under Rule 60(b)(2). First, VMware has failed to show that it exercised due diligence before the judgment in obtaining information regarding ZT IP's assets. Second, VMware cannot

show that this evidence "clearly would have produced a different result," especially with respect to the Ramey Lawyers. *Imperium,* 2017 WL 1716788, at *2.

This Court considered two different motions by VMware before making its fee award, one of which was entitled "VMware's Motion for Rule 11 Sanctions," (Dkt. 25), which specifically requested the Court "find that ZT has violated Rule 11 and *sanction ZT and its counsel.*" *Id.* at p. 12 (emphasis added). Despite this request, the Court denied the Rule 11 motion, stating:

> Courts have a duty to impose the least severe sanction adequate to deter future conduct. In determining whether a pleading violates Rule 11(b), courts use an objective standard of reasonableness focusing on the attorney's conduct at the time the pleading presented to the court was signed. *However, the moving party has the burden to overcome the presumption that pleadings are filed in good faith.*

> Despite a previous warning to ZT's counsel in a similar situation and despite the unnecessary delays ZT's counsel caused, as the Court seeks to impose the least severe sanction to deter future conduct, it finds that fees are sufficient to deter future conduct. Therefore, the Court DENIES the motion for sanctions.

2023 WL 1785769, at *4 (emphasis added) (cleaned up).

Thus, rather than fulfill the "strict requirements" of a Rule 60(b)(2) motion, VMware is misusing the rule to "rehash[] evidence, legal theories, or arguments [that already were] raised before the entry of judgment" regarding the Ramey Lawyers. *See Sved,* 2010 WL 11614304, at *2.

In addition, VMware has not produced any new evidence regarding the Ramey Lawyers that could not have been discovered prior to the judgment. As previously noted, VMware's basis for reopening the judgment is that ZT IP is "a judgment-proof shell company," (Dkt. 46), and its Motion to Amend Judgment cites multiple facts regarding the ownership and control of ZT IP—but asserts no new facts with respect to the Ramey Lawyers' relationship with ZT IP. Instead, VMware's Motions only reiterate that *the Ramey Lawyers represented ZT IP, and other entities,*

4

***as outside counsel.***[3] (Dkt. 46, pp. 4-6). VMware's complex diagram regarding the ownership and control of ZT IP, found on p. 6 of its Motion to Amend (Dkt. 46), adds the Ramey Lawyers to the diagram only by creating a broad bracket labeled "Ramey LLP/William Ramey represents." In other words, the only "new" information asserted by VMware with respect to the Ramey Lawyers relates to *whom they represent as outside counsel*—and much of this is not new, and it is public information that could have been discovered earlier. *See* Dkt. 40, "Notice of Supplemental Authority," listing cases where the Ramey Lawyers were counsel in other matters.

Finally, VMware's Motions do not assert that the Ramey Lawyers *control* ZT IP; on the contrary, the Motions contain evidence regarding the principals and managers of ZT IP, none of whom are the Ramey Lawyers. *See* Dkt. 46, pp. 2-4 and Dkt. 45, pp. 2-4; Declaration of Richard Hung, Dkt. 47 and Exhibits. Thus, rather than fulfill the "strict requirements" of a Rule 60(b)(2) motion, VMware is misusing the rule to "rehash[] evidence, legal theories, or arguments [already were] raised before the entry of judgment." *See Sved,* 2010 WL 11614304, at *2 (cleaned up). The Court should deny VMware's efforts to amend the judgment under Rule 60(b)(2).

2.      **Rule 60(b)(6).**

VMware also argues that Federal Rule of Civil Procedure 60(b)(6) is grounds for amending the judgment. However, Rule 60(b)(6) has been described as a "catchall provision" because it includes "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6); *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-CV-153-RSP, 2014 WL 1600327, at *2 (E.D. Tex. Apr. 21, 2014). As previously noted, according to the Federal Circuit, "a Rule 60(b) motion is purely procedural and

---

[3] The only piece of evidence that could arguably be considered "new" is that Ramey LLP is an entity that has a "financial interest in ZT, ZT's patents, or the outcome of the Lawsuit," implying that Ramey LLP has a contingency fee arrangement with ZT IP. Dkt. 47, Ex. 2, Response to Interrogatory No. 3.  However, VMware could have discovered this information previously and no evidence indicates that the Ramey Lawyers have any "control" over ZT IP.

5

not unique to patent law, therefore it is governed by the law of the regional circuit, in this case the Fifth Circuit." *Id.* And, according to the Fifth Circuit, Rule 60(b)(6)'s "other reason" clause is reserved for "extraordinary cases." *Gray v. Estelle,* 574 F.2d 209, 215 (5th Cir. 1978) (*citing Ackerman v. United States,* 340 U.S. 193, 200, 71 S.Ct. 209, 212, 95 L.Ed. 207, 212 (1950); and 11 Wright & Miller, *Federal Practice and Procedure* § 2864)). This is not an extraordinary case. *See A Pty Ltd. v. Google, Inc.,* No. 1:15-CV-157 RP, 2016 WL 4212295, at *3 (W.D. Tex. Aug. 9, 2016) (relief under Rule 60(b)(6) is "only available when the basis for relief does not fall within any of the other subsections of Rule 60(b)" (cleaned up)).

> **3.      Amending the Judgment Would Deny the Ramey Lawyers Due Process.**

VMware also claims that granting its Motion to Amend the Judgment would not deny due process to the Ramey Lawyers, citing *Alliance for Good Gov't v. Coalition for Better Gov't*, 998 F.3d 661, 665 (5th Cir. 2021) (Dkt. 45, p. 17). VMware is correct that in the *Alliance* case, the Fifth Circuit held that two weeks' notice was sufficient to provide due process to Darleen Jacobs, who was both a principal and in-house counsel for the party adjudged liable for a fee award in an "exceptional case" finding under the Lanham Act. 998 F.3d at 665. However, the *Alliance* case is distinguishable from this case for at least two reasons. First, in *Alliance,* the judgment was reopened, Ms. Jacobs was joined as a party, and she was then found jointly and severally liable for her role as a *principal* of the offending entity. *Id.* at 666 (citing the "general principle that an officer is individually liable for any tortious conduct that he committed in connection with his corporate duties") (cleaned up). Second, *Alliance* was an appeal from the Eastern District of Louisiana in a Lanham Act case regarding the interpretation of 15 U.S.C. § 1117(a). *Id.* at 665 and n.3. Despite a strong dissent objecting to holding a "litigant's counsel" liable, the Fifth Circuit upheld the district court's decision to join Jacobs and find her jointly and severally liable for the "exceptional case" fee award under the Lanham Act. *Id.* at 666, 672.

6

However, even though the Fifth Circuit found that two weeks' notice was sufficient to amend the judgment in *Alliance,* it is clearly not sufficient here. In *Nelson v. Adams USA,* Inc., 529 U.S. 460, 463 (2000), the United States Supreme Court set forth the due process requirements for joining the principal of a party to make them liable for a fee award under 35 U.S.C. § 285. In *Nelson*, Ohio Cellular Products ("OCP") sued Adams USA, claiming patent infringement. *Id.* at 462. OCP'S claim was eventually dismissed, and it was ordered to pay Adams' costs and attorney fees. *Id.* As in this case, Adams, the party to receive the fee award, "feared that OCP might be unable to pay the fee award and therefore sought a means to recover from [Donald] Nelson, president and sole shareholder of OCP, in his individual capacity." *Id.* at 462-63. OCP then moved the District Court under Federal Rule of Civil Procedure 15 to amend its pleading to add Nelson as a party and under Rule 59(c) to amend the fee award, and it did so "simultaneously making Nelson a party and subjecting him to judgment." *Id.* at 463. The Supreme Court held that "amending the judgment immediately upon permitting amendment of the pleading" was error, because "[d]ue process, as reflected in Rule 15 as well as Rule 12, required that Nelson be given an opportunity to respond and contest his personal liability for the award *after* he was made a party and *before* any judgment was entered against him." *Id.* (emphasis added).

Here, the Ramey Lawyers have unique defenses due to their status as outside counsel. First, 35 U.S.C. § 285 does not apply to outside counsel. *My Health, Inc. v. ALR Techs, Inc.,* No. 2:16-cv-00535-RWS-RSP, 2019 WL2395409, at *3 (E.D. Tex. June 5, 2019), *aff'd*, No. 2:16-CV-535-RWS-RSP, 2020 WL 122933 (E.D. Tex. Jan. 10, 2020). Citing to the Federal Circuit, the *My Health* court explained:

> . . . Defendants provide no legal basis for a fee award against My Health's counsel under § 285. Indeed, the Federal Circuit has declined to find counsel liable for fees awarded under § 285. *See Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 F. App'x 219, 222 (Fed. Cir. 2003) ("Section 285 is a fee shifting statute that in exceptional

7

cases may require the losing party to reimburse the prevailing party its attorney fees. Sheraton has provided us with no legal basis for entering a fee award against the losing party's attorney under § 285. [...] Counsel for Phonometrics is not liable for fees awarded under § 285; it can only be liable for excess fees awarded under § 1927."). Given this guidance, the Court cannot enter a § 285 award against PAMH.

*Id.*

Second, unlike the other so-called "Responsible Parties," the Ramey Lawyers also have available to them the unique defense of attorney immunity, which provides attorneys with immunity from suit by third parties who claim to have been injured by the attorney's conduct in representing a client. *Troice v. Proskauer Rose, LLP,* 816 F.3d 341, 346 (5th Cir. 2016); *see also Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.,* 595 S.W.3d 651, 658 (Tex. 2020) ("Based on the facts alleged in Bethel's petition, the courts below correctly concluded that attorney immunity shields Quilling from civil suit by a third party, whom Quilling did not represent, for conduct connected to Quilling's representation of its client in litigation."). None of the cases cited by VMware include any discussion of the attorney immunity defense, which the Ramey Lawyers are entitled to raise. To amend the judgment without requiring VMware to amend its complaint, and to hold the Ramey Lawyers jointly and severally liable without giving them the opportunity to plead their defenses, would violate their right to due process under the Constitution. "Beyond doubt, a prospective party cannot fairly be required to answer an amended pleading not yet permitted, framed and served." *Nelson,* 529 U.S. at 467.

VMware's request would deny the Ramey Lawyers (and the other "Responsible Parties") an adequate opportunity to respond to the claims against them -- which is the due process required before they are possibly held jointly and severally liable for the fee award. "[D]ue process does not countenance such swift passage from pleading to judgment in the pleader's favor." *Id.* at 465.

8

For this reason alone, as well as the additional reasons discussed herein, VMware's motion to amend the judgment should be denied.

## B.    MOTION TO JOIN PARTIES

VMware's Motion to Join Parties mistakenly refers to Federal Rule of Civil Procedure 20(a)(1) but quotes Rule 20(a)(2), which provides as follows:

> **Rule 20.** *Permissive Joinder of Parties*
>
> (a)  Persons who may join or be joined.
>
>      \*\*\*
>
> (2) *Defendants.* Person . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

Notably, VMware does not cite Federal Rule of Civil Procedure 19, governing the joinder of *required* parties. FED. R. CIV. P. 19(a). Regardless of which joinder rule VMware cites, however, it has waived its argument that the principals of ZT IP and its outside counsel should be held liable. *My Health, Inc. v. ALR Technologies, Inc.,* No. 2:16-cv-00535-RWS-RSP, 2019 WL 2395409, at *2 (E.D. Tex. June 5, 2019) (Defendants whose Section 285 motion did not seek attorneys' fees from outside counsel or the principals of the opposing party, and who did not appeal the Section 285 award for failure to find those persons liable, waived the argument).

But even if VMware has not waived its argument for joinder of the Ramey Lawyers, it has failed to meet its burden to show that the Ramey Lawyers must be joined. A party moving to join another party bears the initial burden of demonstrating that the absent party is necessary. *Hood ex rel. Mississippi v. City of Memphis,* 570 F.3d 625, 628 (5th Cir. 2009). VMware's evidence and

arguments in support of joining the Ramey Lawyers—who merely acted as outside counsel—fail to meet this burden, as set forth below.

### 1.      Cases Cited by VMware

VMware argues that "[m]ultiple decisions in this Circuit confirm the appropriateness of joining parties responsible for a shell corporation's pursuit of a frivolous action." (Dkt. 45, p. 14). However, of the three cases cited by VMware, all are distinguishable – especially with regard to efforts to join ***outside counsel*** as a party to be held jointly and severally liable for a § 285 fee award.

VMware first cites the *Alliance* case, which, as previously noted, involved the joinder of an attorney who was both a principal and in-house counsel of the party found to have made the case "exceptional" under § 1117 of the Lanham Act. 998 F.3d at 666. The present case is also distinguishable from *Alliance* because the Ramey Lawyers have the defense of attorney immunity available to them. *See* Section I A 3*, supra.*

*Iris Connex, LLC v. Dell, Inc.,* 235 F. Supp. 3d 826 (E.D. Tex. 2017), another Section 285 patent case cited by VMware, is likewise distinguishable. In *Iris Connex,* the Eastern District of Texas held Iris Connex and attorney Brian Yates jointly and severally liable for a fee award under Section 285, noting Yates' role in making the case exceptional by prosecuting a meritless patent infringement claim. *Id.* at 854-55. The facts alleged in this case, however, are nowhere near as egregious as *Iris Connex*. In *Iris Connex,* attorney Yates was found to have deliberately concealed from the court the fact that he was the President and sole shareholder of Q Patents, a "shell corporation," which in turn held all the membership interest in Iris Connex, which was yet another "shell corporation" and the party against whom the Section 285 fee award was made. *Id.* at 834, 838. Not only that, once it appeared that Iris Connex and Q Patents were at risk of liability for the fee award, the court found that Mr. Yates alone made the decision for Iris Connex and Q Patents

to file for bankruptcy in California to avoid liability. *Id.* The court held that Mr. Yates should be found jointly and severally liable for the Section 285 award, explaining:

> Considering the totality of the circumstances, the Court is persuaded that Mr. Yates intended to keep Q Patents out of sight as his "ace in the hole" against the prospect that this lawsuit would open the door, just as it has, to a Section 285 motion, ***such that he could produce Q Patents as a hidden shield to his own liability***. The complete absence of any mention of Q Patents until the aborted post-judgment effort to bury this problem beneath the sands of the Bankruptcy Court in California speaks volumes.

*Id.* at 862 (emphasis added).

Here, VMware has produced no evidence of such deception on the part of the Ramey Lawyers and no evidence that William Ramey or Ramey LLP is a principal of ZT IP, or acted in any other role other than outside counsel. *Iris Connex,* therefore, does not support joint and several liability for the fee award on the part of the Ramey Lawyers.

Finally, VMware also cites *SAP America, Inc. v. InvestPic, LLC,* No. 3:16-cv-2689, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021), in which the court granted a prevailing party's Rule 60(b) Motion and Motion to Join Parties after post-judgment discovery revealed that InvestPic, the party against whom a Section 285 fee award was made, had "essentially no assets and maintained a near-zero balance in its checking account." 2021 WL 1102085, at *5. The court granted SAP's Rule 60(b) Motion and its Rule 19 and 20 Motions for Joinder, joining as parties the "parties responsible for making this case exceptional," namely the two men who were the "principal individuals responsible for operating InvestPic and making the litigation decisions in this case that caused it to be exceptional." *Id.* at *8. The court also granted joinder of InvestPic's outside counsel, Shore Chan De Pumpo, LLP, but declined to "simultaneously join these new parties to the litigation and to hold them liable for the final judgment and attorney's fee award." *Id.* Rather, the court granted leave for SAP to file an amended pleading to bring claims against the joined parties. *Id.* at *9.

11

Shore Chan De Pumpo later filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), but the motion was never ruled upon, and the case was dismissed pursuant to a stipulation without a holding that outside counsel was liable with the clients under Section 285 for the fee award.[4]

### 2.    My Health, Inc. v. ALR Technologies, Inc.

The case most like this one is *My Health, Inc. v. ALR Technologies, Inc.,* Case No. 2:16-cv-00535-RWS-RSP, 2019 WL 2395409, at *3 (E.D. Tex. June 5, 2019). In *My Health,* the Eastern District refused to hold outside counsel liable for a § 285 fee award, distinguishing the egregious behavior of counsel in *Iris Connex*, and noting that "Defendants failed to set forth adequate allegations showing that [counsel] played a role any different from any other counsel in a losing case." *Id.* VMware likewise has failed to show that the Ramey Lawyers played any other role than that of **outside counsel** in a case that was dismissed shortly after the filing.

What is clear (though unstated) in VMware's Motions is the implication that the Ramey Lawyers must still be punished for their litigation conduct, even though this Court declined to grant VMware's Motion for Rule 11 Sanctions (Dkt. 25) when it granted VMware's Motion to Declare the Case Exceptional (Dkt. 27). *ZT IP, LLC v. VMware,* Civ. Act. No. 3:22-CV-0970-X, 2023 WL 1785769, at *4 (N.D. Tex. Feb. 6, 2023). VMware cannot use Federal Rules 60(b) and 20 as an end-run to attempt to punish outside counsel when this Court declined to grant its Rule 11 Motion for Sanctions:

> An award of attorneys' fees under Section 285 is "compensatory, not punitive." *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018). "When a federal court exercises its inherent authority to sanction bad-faith conduct by ordering a litigant to pay the other side's legal fees, the award must be limited to the fees the innocent party incurred solely due to the misconduct.

---

[4] The Ramey Lawyers respectfully request that the Court take judicial notice of the filings in *SAP America, Inc. v. InvestPic, LLC,* No. 16-cv-2689, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021), another Northern District case.

\*\*\*

> Therefore, a Section 285 "fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *In re Rembrandt*, 899 F.3d at 1278.

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.,* No. 5:19-CV-243-H, 2022 WL 1447946, at \*4 (N.D. Tex. Feb. 9, 2022) (cleaned up). *See also My Health,* 2020 WL 2395409, at \*5 (declining to impose sanctions on outside counsel where prevailing party moved to join outside counsel post-judgment for joint and several liability for Section 285 fee award).

VMware's cites to other suits in which the Ramey Lawyers served as outside counsel support the inference that its true purpose is to try to improperly punish the Ramey Lawyers, rather than simply recompense VMware for its costs of defending this suit. *See, e.g., WPEM, LLC v. SOTI Inc.,* Civ. Act. No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020).

Finally, the issue of whether outside counsel may be held jointly and severally liable for an attorneys' fee award under 35 U.S.C. § 285 is not a "procedural" question governed by the Fifth Circuit.[5] Rather, it is an interpretation of a patent law statute within the purview of the Federal Circuit – and the Federal Circuit has declined to hold outside counsel liable for fee awards under Section 285. *Dragon Intellectual Property, LLC v. DISH Network L.L.C.,* Civ. Act. Nos. 13-2066-RGA, 13-2067-RGA, 2021 WL 5177680, at \*5 and n. 6 (D. Del. Nov. 8, 2021), *appeal filed,* (Fed. Cir. April 11, 2022) (citing *Phonometrics, Inc. v. ITT Sheraton Corp.,* 64 Fed. App'x 219, 222 (Fed. Cir. 2003) and *Interlink Elecs. v. Incontrol Sols., Inc.,* 1999 WL 641230, at \*3 (Fed. Cir. Aug. 24, 1999) (per curiam)). As the court held in *Dragon,* "nothing in the legislative history of §

---

[5] Questions are purely procedural only when "they do not (1) pertain to patent law, ... (2) bear an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or (3) clearly implicate the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Viaas,* 2023 WL 3069122, at \*3 (quoting *Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, 257 F.3d 1324, 1328 (Fed. Cir. 2001) (citations omitted)).

285 supports awarding fees against opposing counsel." *Id.* at n. 6. VMware's Motion to Join Parties should be denied.

## PRAYER

Wherefore, William Ramey and Ramey LLP respectfully request that the Court enter an order (i) denying VMware's Motion to Amend Judgment and (ii) denying VMware's Motion to Join Parties. William Ramey and Ramey LLP further request all such other relief as the Court may deem appropriate.

Respectfully Submitted,


By:     */s/ Daniel D. Tostrud*
**DANIEL D. TOSTRUD**
Texas Bar No. 20146160
dtostrud@cobbmartinez.com

**LINDSEY WYRICK**
Texas Bar No. 24063957
lwyrick@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 Telephone
(214) 220-5299 Fax

**ATTORNEYS FOR WILLIAM RAMEY AND RAMEY LLP**


## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system.


     */s/ Daniel D. Tostrud*
**DANIEL D. TOSTRUD**


14