UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | | |
|---|---|---|
| ZT IP, LLC § | | |
|    Plaintiff, § | | Civil Action No. 3:22-cv-00970 |
| § | | |
| v. § | | |
| § | | |
| VMWARE, INC., § | | JURY TRIAL DEMANDED |
|    Defendant. § | | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO AMEND THE JUDGMENT**

COMES NOW Plaintiff ZT IP, LLC ("ZT IP" or "Plaintiff") here responds to *Defendant's Motion to Reopen the Judgment* (ECF 46, "Motion").

SUMMARIZING, the request to amend the judgment and lay liability on new parties should be denied because Defendant cannot meet the burden under Rule 60. Case law cited by the Defendant is distinguished from this case, as ZT IP is not judgment-proof, and Defendant cannot show diligence when it waited six months after the case was closed to reopen it

Defendant should have sought an amendment to the judgment under Federal Rule of Civil Procedure 59 within 28 days, but failed to timely do so. Additionally, Defendant has been aware of Plaintiff's judgment proof status since May of 2023 and has refused compensation in the form of Plaintiff's patent portfolio, instead demanding monetary compensation, in spite of the fact that Plaintiff did not conduct discovery on Plaintiff financial circumstances during the pendency of the litigation, or act diligently to resolve the question – four months after it was informed of the facts. Defendant now attempts to remediate its past errors by seeking a motion under Rule 60, which under these facts is inapplicable. This Court should deny Plaintiff's efforts to rectify its past mistakes via abuse of the Federal Rules.

**CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. 3
PROCEDURAL BACKGROUND ........................................................................................ 4
ARGUMENT .......................................................................................................................... 5
    A.  Fed. R. Civ. P. 59 and 60 ............................................................................................. 5
    B.  Burden of proof under Rule 60(b) rests with Movant ................................................. 5
    C.  Defendant has not shown that its requested relief is appropriate under Rule 60(b) ..... 7
    D.  Even if Rule 60(b)(2) applied, Defendant has not met its burden to show it applies. .......... 9
    E.  Even if Rule 60(b)(6) applied, Defendant has not met its burden. ............................. 12
    F.  Due Process Considerations properly preclude reopening in this instance. .............. 13
    G.  Defendant's allegations of alleged responsible parties' conduct is irrelevant. .......... 13
CONCLUSION AND PRAYER .......................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Alliance for Good Gov't v. Coalition for Better Gov't* 998 F.3d 661 (5th Cir. 2021) ............ 13, 14
*Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010), cert. denied, 564 U.S. 1006 (2011) ................ 6
*Batts v. Tow-Motor Forklife Co.*, 66 F.3d 743 (5th Cir. 1995) ........................................................ 6
*Buck v. Davis*, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017) .................................................................... 6
*Frew v. Janek*, 780 F.3d 320 (5th Cir. 2015) ................................................................................... 6
*Hesling v. CSX Transp. Inc.*, 396 F.3d 632 (5th Cir. 2005) ......................................................... 6, 9
*Hood ex. Rel. Mississippi v. City of Memphis*, 570 F.3d 625 (5th Cir. 2009) ............................... 14
*Iris Connex, LLC v. Dell, Inc.* 235 F. Supp. 3d 826 (E.D. Tex. 2017) .................................... 12, 14
*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421 (5th Cir. 2011) ... 6
*Lyles v. Medtronic Sofamor Danek, USA, Inc.*,
    871 F.3d 305 (5th Cir. 2017), cert. denied, 138 S. Ct. 1037 (2018) ....................................... 6
*My Health, Inc. v. ALR Techs., Inc.*,
    Case No. 2:16-cv-00535-RWS-RSP (Lead), (E.D. Tex. Dec. 19, 2017) .............................. 14
*Phigenix, Inc. v. Genentech, Inc.*, No. 15-cv-01238,
    2018 WL 3845998, at *12, 16 (N.D. Cal. Aug. 13, 2018) ................................................... 12
*Rocha v. Thaler*, 619 F.3d 387, 399-400 (5th Cir. 2010), cert. denied, 565 U.S. 941 (2011) ........ 6
*Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.*,
    No. 15-cv-01431, 2019 WL 6002198, at *2 (E.D. Tex. Mar. 11, 2019) ............................. 12
*SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K,
    2021 U.S. Dist. LEXIS 161309, at *5 (N.D. Tex. Aug. 26, 2021) .......................... 10, 11, 12
*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) ...................................... 7, 11, 12
*United States v. Bestfoods*, 524 U.S. 51, 55 (1998) ..................................................................... 12
*United States v. City of New Orleans*,
    947 F. Supp. 2d 601, 615 (E.D. La.), aff'd, 731 F.3d 434 (5th Cir. 2013) ............................ 6

**Statutes**

529 U.S. 460 ................................................................................................................................. 13
Fed. R. Civ. P. 59 ................................................................................................................ 5, 8, 9, 13
Fed. R. Civ. P. 60 .................................................................................................................. passim

## PROCEDURAL BACKGROUND

1.     On July 18, 2022, ZT IP filed a Notice of Dismissal of all claims with prejudice. ECF 17.

2.     On July 18, 2022, Defendant filed a Response to Plaintiff's Notice of Dismissal objecting to Plaintiff's effort to have both parties bear their own costs. ECF 18.

3.     On August 1, 2022, Defendant filed a motion for Rule 11 sanctions against Plaintiff for failure to conduct an adequate pre-filing investigation. ECF 25. On the same day, Defendant filed a Motion for an Exception Case Finding and Attorney Fees. ECF 27.

4.     On February 6, 2023, this Court issued a Memorandum Opinion and Order granting attorney fees to Defendant and denying its motion for sanctions. ECF. 43. The Court's Order resolved the case and constituted a final judgment.

5.     On May 5, 2023, Plaintiff's counsel informed Defendant's attorney that ZT IP had no monetary assets beyond the patent in an e-mail discussing post-judgment discovery:[1]



6.     On August 11, 2023, more than six months after the case was closed and four months after learning that Plaintiff had no assets, Defendant filed its motion to amend the judgment under Rule 60(b), which sought to apply its judgment against ZT IP to alleged additional responsible parties including Pueblo Nuevo, Entente, Dynamic IP, David Ghorbanpoor, Carlos Gorrichategui, William Ramey, and Ramey LLP.

7.     Defendant delayed for over six months in filing its motion to join. ECF 45.

---

[1] All parties understand that a portfolio of patents has been proffered by Plaintiff to satisfy the judgment.

## ARGUMENT

### A. Fed. R. Civ. P. 59 and 60

8. Defendant's motion is predicated on Federal Rule of Civil Procedure 60, which states:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

9. Plaintiff could not reasonably anticipate that any of these six factors, none of which were raised during the course of litigation, would justify a motion at this time.

10. Further, a basis for Defendant's motion is arguably Rule 59, which governs new trial; altering or amending a judgment, which requires that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

11. As outlined supra, Defendant's Motion was filed more than five months after the Order resolving this case, in violation of Rule 59.

### B. Burden of proof under Rule 60(b) rests with Movant.

12. Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b).

13.     The party seeking relief from a judgment, order, or proceeding bears the burden of showing that Rule 60(b) applies. *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015) (citing *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011)); *see Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 316 (5th Cir. 2017), cert. denied, 138 S. Ct. 1037 (2018); *United States v. City of New Orleans*, 947 F. Supp. 2d 601, 615 (E.D. La.), aff'd, 731 F.3d 434 (5th Cir. 2013).

14.     "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Lyles*, 871 F.3d at 315 (quoting *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)); *see Buck v. Davis*, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017) ("Rule 60(b) vests wide discretion in courts. . .").

15.     To set aside a final judgment under Rule 60(b)(2), a movant must show that 1) it exercised diligence in obtaining the newly discovered evidence that is the basis of the motion and 2) the newly discovered evidence is material and would have produced a different result. *Hesling v. CSX Transp., Inc.,* 396 F.3d 632,639 (5th Cir. 2005).

16.     Under Rule 60(b)(6), a district court may relieve a party from an order or proceeding for any reason which justifies relief, other than those also enumerated in Rule 60(b). *Buck*, 137 S. Ct. at 777; *see Rocha v. Thaler*, 619 F.3d 387, 399-400 (5th Cir. 2010), cert. denied, 565 U.S. 941 (2011). "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses . . ." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010), cert. denied, 564 U.S. 1006 (2011) (quoting *Batts v. Tow-Motor Forklife Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

17.     The parties agree that in the Fifth Circuit, the following factors are relevant to deciding a Rule 60(b) motion:

> (1) That final judgments should not be lightly disturbed;
> (2) [T]hat the Rule 60(b) motion is not to be used as a substitute for appeal;
> (3) [T]hat the rule should be liberally construed in order to achieve substantial justice;
> (4) [W]hether the motion was made within a reasonable time;
> (5) [W]hether[,] if the judgment was default or a dismissal in which there was no consideration of the merits[,] the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
> (6) [W]hether if the judgment was rendered after a trial on the merits where the movant had a fair opportunity to present his claim or defense;
> (7) [W]hether there are intervening equities that would make it inequitable to grant relief; and
> (8) [Any] other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981), Motion at 14.

### C. Defendant has not shown that its requested relief is appropriate under Rule 60(b)

18. Federal Rule of Civil Procedure 60(b) applied when "[on] motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a series of enumerated reasons. Fed. R. Civ. P. 60(b).

19. In the facts at bar, Defendant does not seek relief from a judgment. Indeed, Defendant's conclusion to its Motion reads:

> The Court should not allow the Responsible Parties to use an undercapitalized shell company to avoid liability for the Court's fee award. VMware respectfully urges the Court to re-open and amend the judgment to make Dynamic IP, Pueblo Nuevo, Entente, Mr. Ghorbanpoor, Dr. Gorrichategui, Mr. Ramey, and Ramey LLP jointly and severally liable for that award.

Motion at 25.

20. Indeed, Defendant's prayer specifically requests that "the Court re-open and amend judgment" to add parties rather than to allow Defendant to seek relief from the judgment. Thus, Defendant has not even made a prima facie case that Rule 60(b) applies because it is not a party seeking relief and instead seeks enforcement of the judgment on non-parties.

21.     Rule 59, which governs altering or amending a judgment, is the proper vehicle for altering the nature of relief or bringing claims for relief against novel parties. Indeed Rule 59(2) specifically states, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. Pro. 59(a)(2).

22.     However, Federal Rule of Civil Procedure 59(b) sets stringent temporal requirements for filing a motion for new trial, "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. Pro. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.")

23.     As noted supra, final judgment was rendered on February 6, 2023, ECF. 43.

24.     Twenty-eight days after February 6, 2023, was March 6, 2023.

25.     However, as noted *supra*, Defendant failed to file its Motion until August 11, 2023, nearly six months after entry of final judgment.

26.     At no point did Defendant seek an extension of time to file a Rule 59 Motion to alter or amend a judgment from this Court.

27.     Presumably aware of the lapse of the Rule 59 deadline, Defendant now seeks to acquire Rule 59 re-opening of the judgment through the inapposite vehicle of Rule 60, which governs not *reopening of* judgment but *relief from* judgment. Conflation of the rules of civil procedure to get around a missed deadline should not be permitted.

### D. Even if Rule 60(b)(2) applied, Defendant has not met its burden to show it applies.

28.     Rule 60(b)(2) authorizes relief from final judgment when "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" is discovered by the Movant.

29.     To set aside a final judgment under Rule 60(b)(2), a movant must show that 1) it exercised diligence in obtaining the newly discovered evidence that is the basis of the motion and 2) the newly discovered evidence is material and would have produced a different result. *Hesling v. CSX Transp., Inc.,* 396 F.3d 632,639 (5th Cir. 2005).

30.     Obviously, Defendant cannot meet this requirement because it does not seek relief from judgment. Additionally, Plaintiff's new counsel, in an e-mail to Defendant's attorney of record Richard Hung, on May 5, 2023, informed him that ZT IP had no assets beyond the patents:



(The full thread with all emails referenced in this response are attached as Exhibit 1.)

31.     A full month later, Defendant rejected transfer of the patents, and demanded payment:



32.     Additionally, these same counsel conversed on June 5, when Plaintiff's counsel checked in to determine if the dispute could be resolved:



In response, Defendant's counsel stated its intention to seek fees:



33.     Thus, Defendant had apparently resolved *in early June* to take a different path from accepting Plaintiff's patent portfolio. But Defendant cannot show diligence between June and August, when it filed the Motion.[2]

34.     Furthermore, the record reflects Defendant performed no discovery regarding Plaintiff's assets prior to the final judgment, the bare minimum to qualify as reasonable diligence. *See SAP Am., Inc. v. InvestPic, LLC*, 2021 U.S. Dist. LEXIS 161309, at *5 (N.D. Tex. Aug. 26, 2021).

---

[2] Plaintiff's counsel replied on June 5 that "The company has no assets and won't be paying anything." However, in the context, the obvious meaning was that it had no assets *outside of the offered patent*. The statement was clarified on another email sent June 26, stating "Let me reiterate - there are no assets available to satisfy any judgment, other than the subject patent."

35. Finally, given that Plaintiff has assets in the form of patents and Defendant has refused to accept said patents by way of payment, Defendant cannot show that there is a material difference that would have resulted in a different outcome.

36. Defendant relies on *SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K, 2021 U.S. Dist. LEXIS 161309, at *5 (N.D. Tex. Aug. 26, 2021) however, that authority is distinguishable on several grounds.

37. First, in *SAP Am.,* SAP requested that the primary individuals associated with InvestPic be held liable for attorneys' fees in its motion to find the case exceptional and award fees. Defendant made no such request in its motion in this case precisely because it had not done its due diligence prior to issuance of the final judgment by engaging in basic discovery concerning ZT IP's corporate structure and assets. Further, unlike SAP, Defendants did have discovery regarding ZT IP's banking and financial information.

38. Second, *SAP Am.* alleged fraud or misconduct under Rule 60(b)(3), an allegation that is not repeated by Defendant here because no such fraudulent conduct exists.

39. Third, unlike *SAP AM.,* ZT IP does not own "essentially no assets" and is not "judgment proof" because as noted supra, ZT IP has offered its complete patent portfolio and bank account to Defendant in satisfaction of the judgment. *Id.* at 6.

40. As noted supra, *Seven Elves, Inc. v. Eskenazi*, outlines eight factors governing the propriety of application of Rule 60(b). 635 F.2d 396, 402 (5th Cir. 1981). These are the same factors applied in *SAP Am., Inc. v. InvestPic LLC*, distinguished above.

41. Defendant hangs its hat on the third factor, alleging that substantial injustice would occur absent judicial reopening. Motion at 15. Unlike in *SAP Am.,* there is no danger of substantial injustice because Plaintiff is not totally judgment proof. As noted above, Plaintiff has offered to

convey its patent portfolio to Defendant, which has doggedly refused to accept the assets but demanded monetary compensation. This fact, and that Defendants had Plaintiff's banking and financial information, distinguishes this case from *SAP Am*.

42. Additionally, the fourth factor strongly militates against granting Defendant's Motion. Defendant claims that it "brought its motion with a reasonable time—i.e., within three months of its receipt of ZT IP's interrogatory responses" (Motion at 16), but that ignores the direct notification given on May 5th by Plaintiff's counsel that Plaintiff did not have sufficient liquid funds to satisfy the judgment and offering the patent assets as recompense. Defendant received that information three months after the final judgment and case closure, and then three more months to file its motion.

43. As noted by Defendant, factors 1, 2, 5, 6, 7, and 8 are not persuasive for either side.

44. Based on the *Seven Elves* analysis, Defendant has failed to properly show that re-opening is warranted under rule 60(b)(2).

   **E. Even if Rule 60(b)(6) applied, Defendant has not met its burden.**

45. Defendant has also failed to meet its burden under Rule 60(b)(6). Procedurally, Rule 60(b) does not apply because Defendant does not seek relief from judgment as required by the rule.

46. Additionally, Defendant cannot credibly claim that it cannot collect on the court's fee award given that it has refused the patent assets in Plaintiff's possession.

47. Indeed, no case Defendant cites to support of additional parties contain the offer of assets in satisfaction of the judgment that the judgment creditor then refuses. *See e.g. Iris Connex, LLC v. Dell, Inc.* 235 F. Supp. 3d 826, 855 (E.D. Tex. 2017); *SAP*, 2021 WL 1102085, at *7-8; *Phigenix, Inc. v. Genentech, Inc.*, No. 15-cv-01238, 2018 WL 3845998, at *12, 16 (N.D. Cal. Aug. 13, 2018); *Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.*, No. 15-cv-01431, 2019 WL 6002198, at *2 (E.D. Tex. Mar. 11, 2019); *United States v. Bestfoods*, 524 U.S. 51, 55 (1998).

**F. Due Process Considerations properly preclude reopening in this instance.**

48.     Defendant relies on *Alliance for Good Gov't v. Coalition for Better Gov't*, for the proposition that reopening at this extremely late stage would not deny due process to defendants even when given as little as two weeks' notice. *Alliance for Good Gov't v. Coalition for Better Gov't* 998 F.3d 661, 665 (5th Cir. 2021) (Dkt. 45, p. 17). However, the United States Supreme Court in *Nelson v. Adams USA, Inc.,* held that permitting a party to amend its pleading to add a party and to simultaneously subject the party to judgment, was verboten because "[d]ue process… required that [the party] be given an opportunity to respond and contest his personal liability for the award after he was made a party and before any judgment was entered against him." 529 U.S. 460, 463 (2000). Nevertheless, Defendant seeks precisely the same forbidden remedy from this court, by adding multiple parties to a preexisting judgment.

**G. Defendant's allegations of alleged responsible parties' conduct is irrelevant.**

49.      On pages 18-24 of Defendant's Motion, it seeks to relitigate the entire case, applying alleged conduct by the joinder parties to Defendant's previously litigated claims. This analysis is irrelevant given that such argument belongs to a Rule 59(e) analysis, and motion to reopen within 28 days. Defendant's Motion fails on the procedural grounds outlined above and these allegations were part of the process that resulted in *the judgment that Defendants requested*. If Defendants wanted to reopen the case based on these actions, then it should have done so under Rule 59(e), and filed the request to reopen within 28 days of the judgment, and not six months later.

50.     Furthermore, Defendant seems to erroneously refer to Federal Rule of Civil Procedure 20(a)(1) and then quotes Rule 20(a)(2).

51.     Furthermore, "[t]he movant bears the initial burden of demonstrating that an absent party is necessary, after which the burden then shifts to the party opposing joinder", a burden that

Defendant has failed to meet. *Hood ex. Rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

52.     Defendant's reliance on *Alliance for Good Gov't v. Coalition for Better Gov't,* is misplaced as to Plaintiff's because none of them are counsel and thus the circumstances leading to the "exceptional" designation in that case do not apply to them. 998 F.3d 661, 665 (5th Cir. 2021) (Dkt. 45, p. 17).

53.     Likewise, Defendant's invocation of *My Health, Inc. v. ALR Techs., Inc.*, is similarly misleading as applied to Plaintiffs because they are not attorneys and thus do not fall squarely or even obliquely into the facts of that case. *My Health, Inc. v. ALR Techs., Inc.*, Case No. 2:16-cv-00535-RWS-RSP (Lead), (E.D. Tex. Dec. 19, 2017).

54.     Further, *Iris Connex, LLC v. Dell, Inc.,* is distinguished from the present case, as Plaintiff has never concealed its corporate status from the court.  235 F. Supp. 3d 826 (E.D. Tex. 2017).

55.     In sum, the facts do not support Defendant's effort to join further parties in this case, even under the terms of its own case law.

## CONCLUSION AND PRAYER

The motion to reopen and join should be denied due to the distinguishing features between the present case and movant's cited cases, as well as public policy. This case was *closed* on February 6, 2023. Movant knew by May 5th that ZT IP has only its patents, and then did nothing until August to reopen. However, ZT IP was not judgment proof, and nothing in this case prevented Defendant from performing the mildest of due diligence to reopen the case and seek this remedy within the 28 days of Rule 59. This Court should not allow litigants to just wait for unending months while it contemplates a strategy regarding a closed case.

Case 3:22-cv-00970-X   Document 56   Filed 09/22/23   Page 15 of 15   PageID 1410

Judgments are supposed to end lawsuits. The Court should deny the Motion to Reopen and Join Parties and grant all appropriate other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/Warren V. Norred
Warren V. Norred; State Bar No. 24045094; warren@norredlawcom
Norred Law, PLLC; 515 E. Border; Arlington, TX 76010
T: 817-704-3984; F: 817-524-6686
**ATTORNEY FOR PLAINTIFF**

**Certificate of Service –** I certify that the foregoing was served on all parties in the instant case via the Court's ECF system on September 22, 2023.

/s/Warren V. Norred

DECLARATION OF WARREN NORRED - I, Warren V. Norred, pursuant to Fed. R. Civ. P. 65(b)(1), declare as follows under penalty of perjury:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2. I am an attorney at the law firm, Norred Law PLLC, located at 515 E. Border St. Arlington, TX, and I am licensed to practice in the State of Texas.

3. I participated in an email discussion between me and Richard Hung that is discussed in the response to the Motion above. A true and correct copy of that thread is attached as Exhibit 1.

Executed on September 22, 2023,

_____
Warren V. Norred,

3:22-cv-00970 *ZT IP's Response to VMWARE's Motion to Reopen the Judgment*        15 of 15