IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZT IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant. | Case No. 22-cv-970 |

**DEFENDANT VMWARE, INC.'S OPPOSITION
TO WILLIAM RAMEY AND RAMEY LLP'S MOTION
TO WITHDRAW AS COUNSEL**

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ................................................................................................ 1
    A. The Ramey Parties' Relationship with ZT and Its Principals ................................ 1
    B. The Multiple Fee Awards and Adverse Rulings Involving Ramey Parties' Clients ..................................................................................................................... 2
    C. The Ramey Parties' Request to Withdraw ............................................................. 4
II. LEGAL STANDARD ........................................................................................................... 4
III. ARGUMENT ........................................................................................................................ 5
    A. The Ramey Parties Have Not Shown Good Cause to Withdraw ........................... 5
    B. Withdrawal Would Prejudice VMware and Harm the Administration of Justice ..................................................................................................................... 6
IV. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   No. 18-cv-5880, 2019 U.S. Dist. LEXIS 196994 (S.D.N.Y. Nov. 12, 2019) ............................ 2

*EscapeX IP LLC v. Google LLC*,
   No. 22-cv-8711, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023) ............................................... 3

*F.T.C. v. Intellipay, Inc.*,
   828 F. Supp. 33 (S.D. Tex. 1993) .............................................................................................. 5

*Hawk Tech. Sys., LLC v. Castle Retail, LLC*,
   No. 20-cv-2766, 2023 WL 3312637 (W.D. Tenn. May 8, 2023) ......................................... 5, 6

*Jones v. Cain*,
   600 F.3d 527 (5th Cir. 2010) ..................................................................................................... 6

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
   No. 22-cv-1167, 2023 WL 6167604 (W.D. Tex. Sept. 21, 2023) ......................................... 3, 7

*NetSoc, LLC v. Chegg Inc.*,
   18-cv-10262, 2020 WL 7264162 (S.D.N.Y. Dec. 10, 2020) ..................................................... 2

*Nimitz Techs. LLC v. CNET Media, Inc.*,
   No. 21-cv-1247-CFC, 2022 WL 17338396 (D. Del. Nov. 30, 2022) ........................................ 3

*NPF Franchising, LLC v. Sy Dawgs, LLC*,
   No. 18-cv-277, 2020 WL 6263753 (N.D. Ohio Oct. 23, 2020) ................................................. 6

*Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA*,
   71 F.4th 257 (5th Cir. 2023) ...................................................................................................... 7

*Street Spirit IP LLC v. eHarmony, Inc.*,
   23-cv-2252, ECF No. 39 (C.D. Cal. Sept. 6, 2023) ................................................................... 3

*Traxcell Techs., LLC v. ALE USA, Inc.*,
   18-cv-6736, 2019 WL 6895982 (C.D. Cal. Jan. 2, 2019) .......................................................... 2

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
   17-CV-00041, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) .................................................. 2

*United States v. Cole*,
   988 F.2d 681 (7th Cir. 1993) ..................................................................................................... 4

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
　　No. 21-cv-422, 2023 WL 5918320 (W.D. Tex. Sept. 11, 2023) ...............................................3

*White v. BAC Home Loans Serving, LP*,
　　No. 09-cv-2484, 2010 WL 2473833 (N.D. Tex. June 15, 2010) ......................................4, 5, 6

*WPEM, LLC v. SOTI Inc.*,
　　No. 18-cv-156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020), *aff'd*, 837 F.
　　App'x 773 (Fed. Cir. 2020) ....................................................................................................2

*In re Wynn*,
　　889 F.2d 644 (5th Cir. 1989) ...................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 7.1 ...........................................................................................................................2

L.R. 7.1 ...........................................................................................................................................5

L.R. 83.12 .......................................................................................................................................5

Tex. Disciplinary Professional Conduct R. 1.15(b) ....................................................................4, 5

*After* the Court deemed this case exceptional and awarded VMware its attorney's fees, *after* ZT refused to pay those fees, and *after* VMware moved to amend the judgment and join William Ramey III and Ramey LLP (the "Ramey Parties") as parties liable for the fee award, the Ramey Parties moved to withdraw as counsel for ZT. (ECF No. 55.) But the Ramey Parties do not identify any good cause for their withdrawal and permitting withdrawal would be unjust. The Court should deny their motion.

**I.     FACTUAL BACKGROUND**

**A.     The Ramey Parties' Relationship with ZT and Its Principals**

The Ramey Parties helped form ZT as a limited liability company and filed this lawsuit on ZT's behalf. (ECF No. 47-1 (ZT Certificate of Formation); ECF No. 1 (Complaint) at 5.)

As Mr. Ramey's own declaration and the Court's February 6, 2023 fee award confirm, the Ramey Parties were intimately involved in the decisions that led to the Court's exceptional case finding against ZT. (ECF No. 35-1 (discussing involvement in ZT's litigation conduct); ECF No. 43 at 6-7 (in awarding fees, observing that "ZT's counsel should have been aware enough to recognize the importance of scrutinizing pre-filing materials (or conducting an adequate pre-filing investigation in general) before bringing suit").)

As VMware explained in its motion to amend, the Ramey Parties have a longstanding relationship with ZT's principals—Carlos Gorrechategui, David Ghorbanpoor, Entente IP LLC, Pueblo Nuevo LLC, and Dynamic IP Deals, LLC (collectively, the "Business Partners"). (ECF No. 46 at 4-6.) Mr. Ramey has been involved in more than *three hundred* lawsuits on behalf of the Business Partners or related entities. (Ex. 1; Exs. 2, 3 (Texas filings showing named

1

litigant's relationships with Business Partners).)[1] There likely are many, many more.[2] At least seventy of these cases remain pending. (Ex. 4.)

      **B.    The Multiple Fee Awards and Adverse Rulings Involving Ramey Parties' Clients**

The Ramey Parties are no strangers to fee awards, admonishments, and involuntary dismissals based on their errors or misconduct. Multiple cases since 2019 make this clear:

- *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, 17-CV-00041, 2017 WL 6559256, at *6 (E.D. Tex. Dec. 21, 2017) (striking Ramey Parties' client's infringement contentions and ordering client to pay sanctions for failing to comply with Local Patent Rule 3-1);

- *Traxcell Techs., LLC v. ALE USA, Inc.*, 18-cv-6736, 2019 WL 6895982, at *1 (C.D. Cal. Jan. 2, 2019) (setting aside **default judgment** arising from Ramey Parties' "apparent[] fail[ure] to read the entire [answer] and . . . see the counterclaims");

- *EMED Techs. Corp. v. Repro-Med Sys., Inc.,* No. 18-cv-5880, 2019 U.S. Dist. LEXIS 196994, at *27, 35-36 (S.D.N.Y. Nov. 12, 2019) (awarding **$1,012,527.67** in attorney's fees and costs against Ramey Parties' client based on client's "pursu[it] of an objectively baseless infringement claim");

- *WPEM, LLC v. SOTI Inc.*, No. 18-cv-156-JRG, 2020 WL 555545, at *3, 8 (E.D. Tex. Feb. 4, 2020) (awarding **$179,622.00** in attorney's fees against Ramey Parties' client based on its having "conducted *absolutely no* pre-filing investigation into the validity or enforceability of the [a]sserted [p]atent"), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020);

- *NetSoc, LLC v. Chegg Inc.*, 18-cv-10262, 2020 WL 7264162, at *4, 7 (S.D.N.Y. Dec. 10, 2020) (awarding **$29,036.44** in attorney's fees against Ramey Parties' client based on its "ignor[ing] the deficiency in its pleading . . . for approximately three months

---

[1] Unless otherwise noted, all exhibits are to the accompanying Declaration of Richard Hung ("Hung Decl.").

[2] In multiple lawsuits filed for other clients, the Ramey Parties either neglected to comply with Rule 7.1 of the Federal Rules of Civil Procedure or filed inaccurate certificates of interest omitting the Business Partners' interests. *See, e.g.*, *Linfo IP, LLC v. Walmart*, No. 21-cv-1089 (W.D. Tex.)) (no certificate of interest filed); *Linfo IP, LLC v. Lorex Corp.*, No. 23-cv-443, ECF No. 4 (W.D. Tex.) (Certificate of Interested Parties identifying "no parent corporation," despite Entente IP LLC's and Pueblo Nuevo LLC's co-ownership of Linfo (*see* Ex. 3)); *Safe IP LLC v. Proctorio Inc.*, No. 22-cv-920, ECF No. 4 (D. Del.) (Corporate Disclosure Statement identifying no parent corporation); *id.*, Dkt. No. 11 (Amended Corporate Disclosure Statement identifying Pueblo Neuvo, LLC, Entente IP, LLC, and David Ghorbanpoor as interested parties); *id.*, ECF No. 13 (setting in-person hearing to "determine whether the amended corporate disclosure statements are accurate"). In this case, ZT did not file a Rule 7.1 certificate of interest at all.

after being informed of the error");

- *EscapeX IP LLC v. Google LLC*, No. 22-cv-8711, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023) (awarding **$191,302.18** in attorney's fees against Ramey Parties' client based on its having "conducted no serious pre-suit investigation" and case's "frivolous" nature; also observing that Ramey Parties were "lucky that [defendant] did not separately ask Court to impose sanctions on them" and noting Dynamic IP Deals LLC's "history of bringing frivolous lawsuits");

- *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 21-cv-422, 2023 WL 5918320, at *4-5 (W.D. Tex. Sept. 11, 2023) (awarding **$48,076.50** in attorney's fees against Ramey Parties' client based on its "unnecessarily prolong[ing] the suit" after adverse claim construction ruling, which rendered its "litigat[ion] position . . . devoid of any substantive strength"); and

- *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 22-cv-1167, 2023 WL 6167604, at *3 (W.D. Tex. Sept. 21, 2023) (denying reconsideration of **final judgment dismissing claims with prejudice** based on Ramey Parties' alleged "internal processing error," and listing multiple cases in which Ramey Parties had "repeated[ly] use[d] . . . the same excuse for missed deadlines").

Despite the adverse outcomes against their clients, the Ramey Parties remain undeterred. This year alone, the Ramey Parties have filed over 180 new patent cases. (Ex. 5.) In one of these cases, the defendant has filed yet another sanctions motion against the Ramey Parties. *See Street Spirit IP LLC v. eHarmony, Inc.*, 23-cv-2252, ECF No. 39 (C.D. Cal. Sept. 6, 2023) (motion for exceptional case finding and sanctions). (*See* Ex. 6.) In another pending case, the defendant has moved for an exceptional case finding and recovery of its fees from the Ramey Parties' client. *See LS Cloud*, ECF No. 40 (Oct. 5, 2023) (seeking fees under Section 285 and court's inherent authority).

The District of Delaware also continues to investigate the Ramey Parties, based on their willful disregard of court orders and potential fraud on the court. *See Nimitz Techs. LLC v. CNET Media, Inc.*, No. 21-cv-1247-CFC, 2022 WL 17338396, at *8, 10 (D. Del. Nov. 30, 2022).

3

### C. The Ramey Parties' Request to Withdraw

On February 6, 2023, the Court found this case exceptional and awarded VMware $92,130.55 in attorney's fees. (ECF No. 43.) It did so based on ZT's failure to "conduct an adequate pre-filing investigation and act diligently when it became aware that its investigation was inadequate." (*Id.* at 9.)

After ZT refused to pay the fee award, and after discovery confirmed that ZT was nothing more than a judgment-proof shell company, VMware moved to amend the judgment and to join the Ramey Parties on August 11, 2023. (ECF Nos. 45, 46.) VMware subsequently agreed to an extended briefing schedule at ZT's request. (ECF No. 51.)

On the morning of the extended deadline for ZT's opposition to VMware's motions, Mr. Ramey e-mailed VMware twice about the Ramey Parties' intent to move to withdraw. (Ex. 7.) Asked to explain the basis of their motion, Mr. Ramey declined, stating only that they would be "filing today." (*Id.*)

## II. LEGAL STANDARD

Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct, which this District has adopted, specifies the circumstances for attorney withdrawal. *See White v. BAC Home Loans Serving, LP*, No. 09-cv-2484, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010). An attorney may do so "only upon leave of the court and [after] a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

Although permitting counsel's withdrawal is discretionary, the "proper exercise of [that] discretion" requires the court to "insure that it is aware of the reasons behind the request." *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993). Absent a "demonstrated conflict of interests" or counsel and litigant's being "embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse

4

of discretion in denying a motion to withdraw." *Id.* (cleaned up).

When moving to withdraw, counsel must "specify the reasons requiring withdrawal" and the "contentions of fact and/or law, . . . argument[,] and authorities" supporting its position. L.R. 7.1, 83.12. "[U]nsubstantiated claims are insufficient." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993).

Even if counsel shows good cause, the court must consider additional factors. *See White*, 2010 WL 2473833, at *3. These include the "prejudice to the other parties" and "whether withdrawal will harm the administration of justice." *Id.*

### III.  ARGUMENT

#### A.  The Ramey Parties Have Not Shown Good Cause to Withdraw

The Ramey Parties have not met their burden to show good cause for withdrawal. They do not claim that any of the seven bases listed in Texas Disciplinary Rule 1.15(b) applies, and they do not offer an affidavit swearing to those base(s). *See id.* at *3 (denying withdrawal request unsupported by a "declaration, an affidavit, or any other supporting material").

Instead, the sum total of their explanation for seeking to withdraw is the following:

> Defendant VMware's recent Motion to Amend Judgment (Dkt. 46) and Motion to Join Parties (Dkt. 45) seek relief from this Court to add William Ramey and Ramey LLP as parties and to hold the Ramey Lawyers jointly and severally liable with ZT IP, LLC for the fee award made by this Court under 35 U.S.C. § 285. (Dkt. 43). Based on these recent circumstances, the Ramey Lawyers seek to withdraw from representing ZT IP, LLC.

(ECF No. 55 at 1.) These statements indicate the Ramey Parties' desire to avoid responsibility for the fee award but do not explain what "recent circumstances" justify withdrawal.

The Ramey Parties' attempt to avoid sharing responsibility for the fee award with their client cannot justify withdrawal. *See Hawk Tech. Sys., LLC v. Castle Retail, LLC*, No. 20-cv-2766, 2023 WL 3312637, at *3 (W.D. Tenn. May 8, 2023) (refusing to allow counsel to

5

"withdraw and evade potential liability for sanctions over [defendant's] objection"); *NPF Franchising, LLC v. Sy Dawgs, LLC*, No. 18-cv-277, 2020 WL 6263753, at *2 (N.D. Ohio Oct. 23, 2020) (denying counsel's motion to withdraw upon being "faced with the possibility of being held liable for fees and costs," where "all that remain[ed] [was] a final decision from the [c]ourt" concerning counsel's joint and several liability for defendant's attorney's fees and costs). The Ramey Parties' failure to show good cause alone warrants denying their motion. *See White*, 2010 WL 2473833, at *3 (denying withdrawal where counsel had "not provided the court with enough information to enable it to assure itself that he ha[d] good cause to withdraw").[3]

### B. Withdrawal Would Prejudice VMware and Harm the Administration of Justice

Even if the Ramey Parties had shown good cause (and they have not), other factors weigh against allowing their withdrawal. *See White*, 2010 WL 2473833, at *3 (listing factors for consideration even if good cause is shown).

Chief among these is the prejudice to VMware, which has been unable to recover the Court's fee award from ZT. It is for this reason that VMware both moved to amend the judgment and to join the Ramey Parties as responsible parties. (*See* ECF Nos. 45, 46.) The Court should not allow the Ramey Parties to withdraw while those motions remain pending. *See Hawk*, 2023 WL 3312637, at *3 (denying motion to withdraw while sanctions motion remained pending); *NPF*, 2020 WL 6263753, at *2 (denying motion to withdraw where consideration of magistrate judge's report and recommendations recommending fee award remained pending).

The harm to the administration of justice also weighs against allowing withdrawal. As

---

[3] The Court should not allow the Ramey Parties to attempt to show good cause for the first time on reply. *See Jones v. Cain,* 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

noted above, by design, the Ramey Parties are prolific filers of patent lawsuits. (ECF Nos. 27-14 (Ramey Parties explaining aim of being a "top 5 patentee law firm"), 27-15 ("a goal. . . is to be in the top ten law firms filing new patent cases"), 27-16 (300+ patent cases filed since 2021).) Although the Ramey Parties have neglected to file Certificates of Interest on multiple occasions, corporate filings reveal that many of these lawsuits are backed by the same Business Partners. *See* Section I(A), *supra*.

As also noted, the Ramey Parties or their clients have been the repeated subject of fee awards, admonishments, and involuntary dismissals based on their errors or litigation misconduct since 2019. *See* Section I(B), *supra*. In opposing adverse rulings, the Ramey Parties have repeatedly offered the same implausible justifications. *See LS Cloud*, 2023 WL 6167604, at *3 (deeming Ramey Parties' "repeated use of the same excuse for missed deadlines across cases" to be even "more concerning" than their attempt to "shift blame to [their] paralegals"); *cf. Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA*, 71 F.4th 257, 262-64 (5th Cir. 2023) (noting the Ramey Parties' failure to act with "complete candor" in seeking government loan).

Allowing the Ramey Parties to withdraw *after* they pursued an objectively baseless lawsuit on their longtime Business Partners' behalf, *after* the Court ordered their putative plaintiff to pay a sizable fee award, *after* that putative plaintiff refused to pay it and was proven to be a judgment-proof shell company, and *after* VMware moved to join the Ramey Parties as responsible parties would contravene the proper administration of justice. It would incentivize the Ramey Parties to file even more frivolous lawsuits on behalf of their Business Partners. As the *six* fee awards against their clients (including this Court's) since 2019 underscore, the risk that the Ramey Parties ultimately might be held responsible for their client's baseless filings has not deterred them in the slightest.

## IV. CONCLUSION

The Ramey Parties have not shown good cause for withdrawing from this action, and the Court should deny their motion based on that failure alone. The prejudice to VMware from the continuing non-payment of the Court's fee award and the need to ensure that justice is administered further warrant denying the Ramey Parties' withdrawal motion.

Dated: October 13, 2023

        /s/ Richard S.J. Hung
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
rhung@mofo.com

Steven Callahan
Texas State Bar No. 24053122
CHARHON CALLAHAN
ROBSON & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
Telephone: 214.521.6400
scallahan@ccrglaw.com

*Attorneys for Defendant, VMware, Inc.*