**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZT IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Case No. 3:22-cv-970-X** |
| | § | |
| **VMWARE, INC,** | § | |
| | § | |
| **Defendant.** | § | |

**WILLIAM RAMEY AND RAMEY LLP'S REPLY TO**
**VMWARE, INC.'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL**

William Ramey, individually, and Ramey LLP (collectively, "Ramey Lawyers"), counsel for Plaintiff ZT IP, LLC ("ZT IP") in this matter, file this Reply to Defendant VMware Inc.'s ("VMware") Opposition to William Ramey and Ramey LLP's Motion to Withdraw as Counsel ("Opposition") (Dkt. 61), and would respectfully show the Court as follows:

## I.     INTRODUCTION

The Ramey Lawyers, as counsel for Plaintiff ZT IP, filed their Opposed Motion for Withdrawal of Counsel (Dkt. 55) following VMware's Motion to Amend Judgment (Dkt. 46) and Motion to Join Parties (Dkt. 45), seeking relief under Federal Rule of Civil Procedure 60(b) for this Court to reopen the Court's judgment and to hold the Ramey Lawyers jointly and severally liable for the fee award assessed against ZT IP under 35 U.S.C. § 285.

VMware's Opposition, along with its other Motions, is an improper attempt to keep the Ramey Lawyers before the Court so that it can "rehash[] evidence, legal theories, or arguments that could have been raised before the entry of judgment." *Sved on behalf of Nominal Defendant Home Solutions of Am. v. Chadwick,* Civ. Act. No. 3:06-CV-1135-N, 2010 WL 11614304, at *2

1

(N.D. Tex. March 16, 2010). However, good cause exists for the Ramey Lawyers to withdraw from the representation of ZT IP, and the Court should grant the Ramey Lawyers leave to withdraw, for the reasons set forth below.

## II.    OBJECTION TO EVIDENCE

The Ramey Lawyers object to Exhibits 1-6 attached to the Declaration of Richard Hung, filed in support of VMware's Opposition. Exhibits 1-6 do not support VMware's Opposition to the Ramey Lawyers' Motion to Withdraw because all of the documents referenced demonstrate only that the Ramey Lawyers are *outside counsel* for numerous entities "owned by or related to Carolos Gorrechategui, David Ghorbanpoor, Entente IP LLC, Pueblo Nuevo LLC, and Dynamic IP Deals, LLC" and are not relevant to the Motion to Withdraw in this matter. (Dkt. 61-1). The Ramey Lawyers further object to these Exhibits because VMware is using its Opposition as an attempt to improperly introduce additional evidence in support of its Motions to Add Parties and Amend Judgment (Dkts. 45 and 46).

## III.    STANDARD FOR WITHDRAWAL OF COUNSEL

### A.  The Ramey Lawyers have Shown Good Cause for Withdrawal.

"A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the case," *Keyes v. Wells Fargo Bank, N.A.,* No. 3:20-CV-633-G-BN, 2020 WL 10963978, at *1 (N.D. Tex. Dec. 18, 2020), and "is a question of federal law." *In re American Airlines, Inc.,* 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied,* 507 U.S. 912, 113 S. Ct. 1262, 122 L.Ed.2d 659 (1993). However, "that question is primarily answered by referring to the standards of withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *White v. BAC Home Loans Serv., L.P.,* Civ. Act. No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010).

Texas Rule of Disciplinary Procedure 1.7(b)(2) provides, in pertinent part, ". . . a lawyer shall not represent a person if the representation of that person: . . . (2) reasonably appears to be *or become* adversely limited by . . . the lawyer's or law firm's own interests." TEX. DISC. R. PROF'L CONDUCT 1.7(b)(2) (emphasis added). Because VMware is now seeking to add the Ramey Lawyers as parties and to hold them jointly and severally liable for the Court's award of attorney's fees under 35 U.S.C. § 285, there is a significant risk that the Ramey Lawyers' representation of ZT IP may "become adversely limited by . . . the lawyer's or law firm's own interests." *Id.*

In its Opposition, VMware cites *Hawk Tech. Sys., LLC v. Castle Retail, LLC,* Case No. 2:20-cv-2766-JPM-tmp, 2023 WL 33112637 (W.D. Tenn. May 8, 2023), but that case actually highlights the risk presented if the Court does not grant the Ramey Lawyers' Motion to Withdraw. "A motion for joint and several sanctions against a party and its counsel creates great risk of a conflict of interest." *Id.,* at *2. Withdrawal in this instance is appropriate because of the risk that the Ramey Lawyers' interests will become adverse to those of its client by virtue of the relief requested by VMware. TEX. DISC. R. PROF'L CONDUCT 1.7(b)(2). In addition, because ZT IP has already hired replacement counsel, ZT IP will not be prejudiced by the Ramey Lawyers' withdrawal and agrees to the withdrawal.

VMware further complains that the Ramey Lawyers' Motion to Withdraw should be denied because they did not "specify the reasons requiring withdrawal" or support their motion with an affidavit. *See* Opposition at 4-5. However, the Motion to Withdraw does specify the reason requiring withdrawal: VMware's Motion to Amend Judgment (Dkt. 46) and Motion to Add Parties (Dkt. 45), in which VMware seeks to hold the Ramey Lawyers jointly and severally liable *with their client* for this Court's award of attorney fees under 35 U.S.C. § 285. (Dkt.59) This is not an "unsubstantiated claim," because, on its face, "[a] motion for joint and several sanctions against a

party and its counsel creates great risk of a conflict of interest." *Hawk Tech,* 2023 WL 33112637

at *2. *See also White,* 2010 WL 2473833, at *4 (noting that courts may point to evidence in the

record to support good cause for withdrawal).

In addition, where, as here, the client has agreed to the attorney's withdrawal, Northern

District Local Rule 83.1 provides only that a motion to withdraw should "specify the reasons

requiring withdrawal and provide the name and address of the succeeding attorney." N. D. Tex.

Loc. R. 83.1(a). The Ramey Lawyers' Motion to Withdraw met these requirements.[1] (Dkts. 55,

59). Thus, no affidavit was required.

**B.  Withdrawal of the Ramey Lawyers Will Not Cause Prejudice to VMware.**

VMware further argues that granting leave for the Ramey Lawyers to withdraw would

prejudice VMware and harm the administration of justice, because the Motions to Add Parties and

Amend Judgment are pending. (Dkt. 61 at 6). However, as demonstrated in the Ramey Lawyers'

Response to those motions (Dkt. 54), outside counsel may not be held liable with their clients for

a fee award under Section 285. *Dragon Intellectual Property, LLC v. DISH Network L.L.C.,* Civ.

Act. Nos. 13-2066-RGA, 13-2067-RGA, 2021 WL 5177680, at *5 and n. 6 (D. Del. Nov. 8, 2021),

*appeal filed,* (Fed. Cir. April 11, 2022) (citing *Phonometrics, Inc. v. ITT Sheraton Corp.,* 64 Fed.

App'x 219, 222 (Fed. Cir. 2003) and *Interlink Elecs. v. Incontrol Sols., Inc.,* 1999 WL 641230, at

*3 (Fed. Cir. Aug. 24, 1999) (per curiam)).[2] In addition, permitting the Ramey Lawyers to now

withdraw from the representation does not affect VMware's ability to continue to pursue the

pending motions.

---

[1] The Ramey Lawyers filed a Corrected Opposed Motion for Withdrawal of Counsel to clarify that opposing counsel is opposed to the motion in the certificate of conference. (Dkt. 59).

[2] A review of the briefs and the Federal Circuit's docket in *Dragon Intellectual Property v. Sirius XM Radio,* No. 22-1621, reveals that the  issue of whether outside counsel may be found liable for attorneys' fees under 35 U.S.C. § 285 is squarely before the court, has been fully briefed and will be set for oral argument in the near future.

VMware also argues that granting the Ramey Lawyers' Motion to Withdraw would "incentivize [them] to file even more frivolous lawsuits . . ." (Dkt. 61 at 7). The issue, however, is whether the Ramey Lawyers have good cause to withdraw in the present case – and they do. VMware's arguments are without merit.

## IV.    THE RAMEY LAWYERS SHOULD BE PERMITTED TO WITHDRAW

VMware's case authority cited in its Opposition does not support denial of the Ramey Lawyers' Motion to Withdraw.  Just last month, the same court in *Hawk Tech. Sys., LLC v. Castle Retail, LLC* (cited by VMware) ***declined*** to award attorney's fees under Section 285 against outside counsel. *Hawk Tech. Sys., LLC v. Castle Retail, LLC,* Case No. 2:20-cv-2766-JPM-tmp, 2023 WL 5826978 (W.D. Tenn. Sept. 8, 2023). In its September 2023 opinion, the court found that the plaintiff's litigation conduct was exceptional under 35 U.S.C. § 285 but that "***Section 285 fees may only be assessed against a party, not counsel***." 2023 WL 5826978, at *3 (citing *Phonometrics, Inc. v. ITT Sheraton Corp.,* 64 F. App'x 219, 222 (Fed. Cir. 2003)). Not only that, despite the defendant's arguments, the *Hawk Tech.* court declined to sanction the plaintiff's outside counsel under any other rule or statute, despite the fact that the case was "weak" and that "Plaintiff engaged in a strategy of filing [hundreds of] frivolous patent lawsuits." 2023 WL 5826978, at *3, 8.

The other case cited by VMware, *NPF Franchising, LLC v. SY Dawgs, LLC,* Case No. 1:18-CV 277, 2020 WL 6263753 (N.D. Ohio Oct. 23, 2020), is inapposite. In that case, the court denied counsel's motion to withdraw because he had waited until over a year to file the motion after the plaintiff filed its motion seeking attorney's fees from both the defendant and outside counsel. *Id.* at *2. Here, the Ramey Lawyers' Motion to Withdraw was filed on October 5, 2023,

5

less than two months after VMware filed its August 11, 2023 Motion to Amend Judgment (Dkt. 46) and Motion to Add Parties (Dkt. 45).

The gist of the evidence in support of VMware's Opposition is that the Ramey Lawyers aspire to be, and are, aggressive patent attorneys with a busy docket of cases. None of that is relevant, however, to VMware's attempt to add the Ramey Lawyers as parties and hold them jointly and severally liable for a Section 385 fee award; nor is it relevant to the merits of the Ramey Lawyers' Motion to Withdraw. The Court should grant the Ramey Lawyers' Motion to Withdraw.

## V.    CONCLUSION

The Ramey Lawyers respectfully request that this Court grant their Motion to Withdraw, and for all such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ William Ramey*
William Ramey
Texas State Bar No. 24027643

RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: 817.704.3984
Facsimile: 817.524.6686

**ATTORNEYS FOR**
**PLAINTIFF ZT IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system.

*/s/ William Ramey*
**WILLIAM RAMEY**